J. G. TENEY *et al.* v. MARY LAING, *as Administratrix of the Estate of Thomas E. Laing, deceased.*

1. ADMINISTRATION — *Right to Partnership Property — Surviving Partner.* The administratrix of the estate of a deceased member of a copartnership consisting of two persons has no legal right to take the possession of the property of the partnership from the surviving partner until such surviving partner has been cited for that purpose and neglects or refuses to give the bond required by ¶ 2817, General Statutes of 1889, and until the administratrix of the undivided estate of the deceased partner has given the further bond required by ¶ 2820, General Statutes of 1889.

2. ———— *Erroneous Proceedings by Administratrix.* When the administratrix of the estate of a deceased member of a copartnership consisting of two persons, without citing the surviving partner, and without executing the further bond, commences proceedings in the probate court under ¶¶ 2982, 2983, 2984, 2985, 2986, or under ¶¶ 2821 and 2822, against the surviving partner and other persons, to get possession and control of the partnership property, it is error not to dismiss such proceedings on motion made for that purpose.

*Error from Chautauqua District Court.*

PROCEEDING by *Mary Laing,* as administratrix, against *J. G. Teney* and *H. W. Laing.* Judgment for the plaintiff, on March 6, 1889. The defendants bring the case to this court. The opinion states the facts.

*J. Milton,* and *W. C. Webb,* for plaintiffs in error.

*J. D. McBrian, Dan. M. Pile,* and *L. C. Whitney,* for defendant in error.

Opinion by SIMPSON, C.: The material facts are, that for years prior to September, 1886, H. W. Laing resided on a farm in Chautauqua county, his family consisting of a daughter, intermarried with J. G. Teney, and a son named Thomas E. Laing. In April, 1886, four months before his death, the son married the defendant in error, and brought her to his father's house, where they lived together until the death of Thomas E. Laing. During all this time, and long before the marriage of Thomas E. Laing, there was a firm doing business — buying, selling and shipping cattle and hogs — under the firm-name of Teney & Laing, with headquarters at the residence of H. W. Laing. After the death of Thomas E. Laing, his widow, Mary, this defendant in error, in consideration of $750, made a deed to an undivided half interest in a tract of land to Jacob G. Teney, this land being subject to a mortgage of $1,500; and it seems, from the evidence, that the land conveyed was the tract upon which the residence of all these parties was situated. After the conveyance, Mary Laing, the widow, resided in the state of Colorado for about 18 months, and then returned to Kansas and took out letters of administration on the estate of her deceased husband. Thomas E. Laing died on the 5th day of August, 1886, and letters of administration were granted to his widow on the 5th day of March, 1888. She caused an inventory and appraisement to be made of his personal estate, as well as the partnership estate of Teney & Laing, the firm that had been engaged for years in the cattle business, on the theory or claim that her deceased husband was a member of that firm. This appraisement was made on the 29th day of March, 1888. On the 2d day of April, 1888, she made complaint and an application for citation to the probate court as follows:

"Now comes Mary Laing, administratrix of the estate of Thomas E. Laing, deceased, and makes complaint against said defendants, and says: That said defendants, Jacob Teney and H. W. Laing, have concealed and conveyed away and still conceal certain moneys, goods, chattels, effects, rights and credits of the said Thomas E. Laing, deceased, and have refused

and still refuse to deliver the same to said administratrix, and she therefore asks that a citation issue to said defendants to appear forthwith before this court to be examined on oath touching the money, goods, chattels, property and effects of said Thomas E. Laing, deceased, in their hands or concealed, conveyed away by them, or within their knowledge.

MARY LAING,
*Administratrix of the estate of Thomas E. Laing, deceased.*
"By L. C. WHITNEY, and McBRIAN & PILE,
*Her Attorneys.*"

A citation was issued to Jacob G. Teney and H. W. Laing, and personally served on them by the sheriff on the 3d day of April, 1888, requiring them to appear in the probate court on the 5th day of April, 1888, to be examined on oath touching the moneys, property, goods and chattels conveyed away by them, belonging to the estate of Thomas E. Laing, deceased. On the 30th day of April, 1888, a notice was served on J. G. Teney and H. W. Laing that on the 10th day of May, 1888, at 10 o'clock A. M., the administratrix would apply to the probate court for an order requiring them to turn over to her the money and property in their hands belonging to said estate. On the 10th day of May the administratrix filed a written motion asking the probate court to make such an order. On that day the probate court heard the motion and overruled it, and to this order notice of appeal was given in open court, and affidavit for appeal filed, and a transcript of these proceedings was filed in the district court.

These proceedings were instituted under the first five paragraphs of article 10 of the act respecting executors and administrators. (Gen. Stat. of 1889, pp. 876, 877.) The transcript of the proceedings of the probate court filed in the district court, and made a part of the record in this court, does not show that ¶ 2984 was complied with, that requires "all such examinations, including as well questions and answers, shall be reduced to writing, and the answers shall be signed by the party examined, and filed in the court before which the same is taken." It does not show that either of the persons who were cited, or any other person, was ever examined as a witness.

It does not show that the probate court ever passed upon the question of the guilt of the persons cited of either having concealed, embezzled or conveyed away any moneys, goods, chattels, things in action or effects of the deceased, or that there was ever any hearing upon that question. The only question ever passed upon by the probate court was the refusal to make an order requiring Teney and Laing to turn over any property belonging to the estate. The complaint itself does not charge them with the embezzlement or conveying away of any of the partnership estate; it is confined by its phraseology to the personal estate of Thomas E. Laing.

In the district court these plaintiffs in error moved to dismiss the proceeding because the court had no jurisdiction of the subject-matter of the proceeding, and because it had no jurisdiction of the parties defendant. This motion was overruled, and exceptions taken. The case was then tried by a jury, the question in issue being whether H. W. Laing or the deceased, Thomas E. Laing, was a member of the firm of Teney & Laing. The jury returned a verdict in the words and figures following, to wit:

"We, the jury impaneled and sworn in the above-entitled case, do, upon our oaths, find for the plaintiff, and find the property concealed to consist of 25 cows, 11 two-year-old steers, 25 yearlings, 32 two-year-old steers and heifers, 10 horses and 8 mules, 2 colts, 20 hogs, 1 wagon, 1 pleasure carriage, 3 cultivators, 2 plows, 2 sets leather harness, 1 set chain harness, and $500 worth of notes given to Thomas E. Laing for cattle sold in Missouri." (Signed by the foreman.)

A motion for a new trial was made and overruled. A motion in arrest of judgment was filed and overruled. The court ordered the plaintiffs in error to turn over the property enumerated in the verdict of the defendant in error, and upon their failure ordered them committed to the jail of the county until said order was complied with. The plaintiffs in error filed a motion for a stay of execution until the cause could be reviewed in the supreme court, and tendered a bond with good and sufficient sureties to stay execution pending proceedings

for review. The court overruled the application for a stay of execution, and refused to accept the bond on the ground that no stay of execution is permitted in cases of this kind. Numerous errors are assigned by counsel for plaintiffs in error, but it will be necessary for us to notice but few of them.

Under the administration laws of this state, as declared by the statutes upon executors and administrators, and as these statutes have been interpreted by this court, the primary right to settle the affairs of a partnership consisting of two persons, when one of the members of the firm dies, rests with the surviving partner; but if the surviving partner, after having been duly cited for that purpose, neglects or refuses to give the bond required, the administrator of the personal estate of the deceased partner may execute the bond required by ¶ 2820, General Statutes of 1889, and take the whole partnership property into possession, collect the debts due the late firm, pay those due from the late firm, and pay over to the surviving partner his proportion of the excess, if any there be. In this case the record does not show that Jacob G. Teney was ever cited to give the bond required from a surviving partner, nor does the record show that Mary Laing, as adminstratrix of the estate of Thomas E. Laing, ever executed the further bond required by ¶ 2820, General Statutes of 1889, that is necessary to authorize her to take possession of and administer the partnership estate. Both sides and all parties concede that Jacob G. Teney was a member of the firm of Teney & Laing; the controversy was whether H. W. Laing or Thomas E. Laing was the other member. As surviving partner, Jacob G. Teney had the undoubted legal right to the possession of all the partnership property at the death of Thomas E. Laing, if he was a member of the firm, until he had been cited to give bond and refused, and until the administratrix of Thomas E. Laing had given a bond that would protect his interests in the partnership estate. If H. W. Laing was the partner of Teney, of course the administratrix of Thomas E. Laing had no possible control over or interest in the partnership assets. If these proceedings were valid, and

complied with the law in all respects, no such order as was made in this case could be rightfully made against H. W. Laing without some positive evidence that he was withholding, concealing or conveying away this partnership estate, or some portion thereof. We have read this record carefully to find some active or even passive action or declaration, movement or transaction of H. W. Laing tending to show either possession, control or disposition of any of this partnership estate. Jacob G. Teney claims that H. W. Laing was and is his partner. H. W. Laing himself was not permitted to testify in his own behalf on the trial of the cause. This court, in the case of *Blaker v. Sands*, 29 Kas. 551, upon the question of the right of possession of the surviving partner, uses this language:

"Upon the death of a partner the survivor becomes a trustee for all concerned. He holds the legal title to all the personal property, choses in action and other assets of the firm, and his control of all the partnership assets, real and personal, legal and equitable, is absolute and indefeasible, limited only by the purposes for which it is granted to him, and the provisions of the statute concerning partnership estates. Until the plaintiff was cited under the provisions of § 35, chapter 37, Comp. Laws of 1879, to give bond as a surviving partner, he had the right to the possession of the partnership property. [Citing *Carr v. Catlin*, 13 Kas. 393.] The citation was a matter personal to the surviving partner, and it was an act required to be done to divest him of his right to control and dispose of the property. Unless he was cited or voluntarily appeared in court and refused to give the statutory bond, or in some other way declined to take charge of the partnership property, so as to waive a citation, he was never divested of his control over said property."

In the case cited, that of *Carr v. Catlin*, this court says:

"The citation is jurisdictional in the sense a summons is. It brings the party into court. But when a party voluntarily appears in court, it is unnecessary to inquire what, if any, process has been served upon him."

It is also said in this case that the surviving partner may insist on his possession of the partnership property until after citation, and a refusal or neglect to give a statutory bond.

This was the doctrine of the common law.   It has been re-
peatedly held that, upon the dissolution of a firm by the death
of one of the members, the survivor has the legal right to the
possession and disposition of all the partnership effects for the
purpose of paying the debts of the firm and distributing the
residue to those entitled. (1 Woerner, Adm'n., § 124, and au-
thorities cited in foot-note No. 6.)   By the language of ¶ 2819
of the General Statutes of 1889, it is expressly provided that
in case the surviving partner, having been duly cited for that
purpose, shall neglect or refuse to give the bond required by
this article, the executor or administrator of the estate of such
deceased partner, on giving a bond as provided in the next sec-
tion, shall forthwith take the whole partnership estate, etc., into
possession.   Paragraph 2820 prescribes the condition of such
a bond.   It seems that the giving of the further bond required
by this statute is a condition precedent to the taking possession
of the partnership estate by the administrator of the deceased
partner.   The supreme court of the state of Missouri, in the
cases of *Bredlow v. Savings Association*, 28 Mo. 181, recog-
nized in *Savings Association v. Enslin*, 37 id. 453; *Holman v.
Nance*, 84 id. 674; *Easton v. Courtwright*, 84 id. 27; and the
court of appeals, in *Weise v. Moore*, 22 Mo. App. 530, hold
that the surviving partner is not divested of his common-law
powers to wind up the partnership until the administrator of
the deceased partner has given bond authorizing him to take
charge of the partnership effects, on the survivor's refusal to do
so.   Now, in this case, it is not shown by the record that the
surviving partner was cited, or that the administratrix of
the estate of the deceased partner had given the further bond
required by our statute, before this proceeding was commenced
in the probate court.   This proceeding was therefore insti-
tuted in violation of plain statutory command and repeated
judicial direction, and cannot be maintained, and the district
court erred in overruling the motion to dismiss.   We might
stop here, but cannot refrain from the suggestion that if Jacob
G. Teney is the surviving partner, and Thomas E. Laing
was the deceased partner of the firm of Teney & Laing,

¶¶ 2821 and 2822 are the law that ought to have been invoked by the administratrix, if she had herself complied with the other provisions of the statute.

We recommend that the judgment be reversed, and the cause remanded, with instructions to the district court to dismiss the proceedings.

By the Court: It is so ordered.

All the Justices concurring.