## NERO COX v. S. A. GRUBB.

1. PARTNERSHIP — *Contract by Surviving Partner to Pay Firm Debts.* A contract made between a surviving partner, the widow of a deceased partner, who left minor children, and a part of the individual creditors of the deceased partner, that the surviving partner should pay a proportionate share of the individual indebtedness of the deceased partner, and retain all the partnership property, is against public policy, and is illegal and void.

2. ———— *Void Contract.* A promise made by the surviving partner to a creditor of the deceased partner, in pursuance of such an agreement, to pay such creditor a proportionate share of the individual debt, is illegal and void.

*Error from Bourbon District Court.*

THE material facts appear in the opinion. Judgment for plaintiff, *Grubb,* at the December term, 1888. The defendant, *Cox,* brings the case to this court.

*J. D. McCleverty,* and *O. A. Cheney,* for plaintiff in error.

*A. A. Harris,* and *Henry E. Harris,* for defendant in error.

Opinion by SIMPSON, C.: The material facts are, that Cox and Ernst were partners, doing a small butcher business in the town of Fulton, in Bourbon county. January 6, 1888, Ernst died intestate, leaving a widow and some minor children. At the death of Ernst the partnership owed no debts, and had on hand tools and stock of the value of several hundred dollars. Individually Ernst was indebted to several creditors, and owed Grubb about $207, and the only means of payment was the intestate's interest in the partnership property. Shortly after the death of Ernst, an attempt was made to settle up the affairs of his estate without having administration thereon, and for that purpose it was proposed that the said Cox retain the Ernst share of the partnership property, and pay a *pro rata* share to each of the creditors, the said Grubb being one of them; the value of the assets belonging to the estate of the said Ernst being found to amount to

about 50 cents upon the dollar of his debts. To this the widow of Ernst, a partial meeting of the creditors, and the said Cox, all assented. The amount due Grubb by Ernst was $206.60, and this suit was for such *pro rata* amount, or one-half. The defendant, Cox, made the promise to pay this *pro rata* amount, believing that if all the creditors assented it could be legally done; but finding there were other creditors, he refused to do so, and did not pay Grubb. After a while an administrator was appointed, who took possession of the assets of the estate of Ernst, and disposed of the same by selling to defendant Cox, he accounting for all of the property, including some after-accruing profits, with the administrator. The plaintiff below, Grubb, had judgment, and Cox brings the case here for review, a new trial having been denied.

The questions are: Was the promise of Cox to pay Grubb based upon a valid consideration? and, if so, was it binding, when not in writing, it being conceded that it was in parol only? Another serious question is: Can such a contract be upheld unless the minor heirs are represented, and unless such a disposition of the estate of the deceased person is authorized or ratified by the probate court? The case of *Ravenscraft v. Pratt*, 22 Kas. 20, holds that a sale made by the widow of a deceased partner, who had been appointed administratrix of her husband's estate, to the surviving partner, of all the deceased partner's interest in the partnership, consisting of tanning and the hide and leather business, was illegal and void. In this case the deceased partner left a widow and four children. In the case of *Specht v. Collins*, decided by the supreme court of Texas, and reported in 16 S. W. Rep., 934, it is held that a contract by the husband to convey his deceased wife's land, "as soon as administration is had upon said estate," is void as against public policy, since the husband can neither bind the estate nor the course of administration. The record in this Texas case does not disclose whether there were other heirs, or whether there were debts against the estate of the deceased wife.

In the Ravenscraft case the widow was administratrix, and the deceased partner left other heirs.   In the Texas case, the surviving husband was the sole heir, but was not the administrator when he made the contract for sale.   In this case, the deceased partner left a widow and minor heirs, but at the time this promise was made there was no administration.   The cases cited go upon the theory that such a contract is against public policy, for the reasons that the statutes provide a tribunal whose duty it is to supervise the settlement of the estates of all deceased persons, and whose special duty it is to protect the interests of minor children and heirs.   No contract can be made respecting the assets of a deceased person's estate except by the authority and with the approval of the probate court, and only then to the extent authorized or permitted by the laws of the state.   In the absence of administration, no heir can make a contract that will be binding.   No stipulation could be entered into by the widow that would bind the minor heirs in any matter respecting the settlement of the estate or its property or its debts.   The law fixes the manner of administration; it imposes certain restrictions upon the sale of the assets of an estate, and even when the sale is authorized by law, and ordered by the probate court, the sale and its terms and its methods are still subject to the approval of the court ordering it.   No person interested in the estate can by contract, assent or silence create other methods of selling the assets of the estate than those prescribed by the law.   To permit this in any one instance would withdraw all the safeguards and beneficent restrictions that the law imposes for the protection of the interests of minor and non-resident heirs.   The widow could not make any contract that would bind the minor heirs; she could make no contract pledging the course of the administration of the law respecting the settlement of the estate of a deceased person. Public policy, the policy of the probate law, and the interests of minor children in the estates of their deceased parents, all forbid such contracts as the one made in this case.   This particular contract was illegal, and the promise of Grubb, being a part and parcel of it, was illegal and void.

We recommend that the judgment be reversed, and the cause remanded for further proceedings.

By the Court: It is so ordered.

All the Justices concurring.