## SOUTHERN DEPARTMENT—CENTRAL DIVISION.
## MAY TERM, 1895.

J. W. BALLINGER *et al.* v. JAMES F. REDHEAD & CO.

1. DEATH OF PARTY—*Dormant Judgment.* If either party to an action die, the action cannot be proceeded in until a suggestion of the death is made to the court, and the action revived in the name of the representative, real or personal, or both, of the party deceased. So, if either of the parties to a judgment die, the judgment becomes dormant until such time as the death of the party is suggested and the judgment is revived in the name of the representative, real or personal, or both.

2. —————— *Execution.* When the judgment becomes dormant, no execution can issue thereon until it is revived in the manner prescribed by law.

3. PARTNERSHIP—*Rights of Surviving Partner.* Upon the death of one member of a partnership the partnership is dissolved, and the surviving partner can do nothing by way of carrying on the partnership business, only to hold possession of the partnership property, and do such things as are necessary to protect it from loss, until he has complied with the statute, and given bond, as required by article 2 of chapter 37, General Statutes of 1889.

4. —————— *Control of Probate Court.* The management of a partnership estate by the surviving partner must be under the control of the probate court of the county in which the estate is situated.

MEMORANDUM.—Error from Reno district court ; L. HOUK, judge. Action by James F. Redhead & Co. against J. W. Ballinger and another. From certain orders entered, defendants bring error. Reversed. Opinion filed June 7, 1895.

The statement of the case, as made by JOHNSON, P. J., is as follows :

This case comes to this court from the order and

the judgment of the district court of Reno county, Kansas, on two separate motions—one to set aside the sale of real estate made by the sheriff of said county, and one for the confirmation of said sale. The case was submitted to the court on an agreed statement of facts. The execution under which the sale of real estate was made was issued by the clerk of the district court on an abstract of a judgment rendered by a justice of the peace on the 26th day of July, 1887. The abstract of judgment was filed in the office of the clerk of the district court on the 2d day of December, 1887. The execution was dated May 10, 1889. The judgment was rendered in a suit before George D. Barclay, justice of the peace, in a suit entitled "James F. Redhead & Co. v. P. P. Anderson and J. W. Ballinger." The firm of James F. Redhead & Co. was composed of James F. Redhead and Thomas Redhead. No execution was issued after the filing of the abstract of judgment until the 10th day of May, 1889, the one on which the sale of real estate was made. On the 30th day of September, 1888, Thomas Redhead, a member of the firm of James F. Redhead & Co., and one of the plaintiffs in said action, died. No administrator was ever appointed of the partnership estate of James F. Redhead & Co. No citation from the probate court of Reno county was issued to James F. Redhead to give bond for the settlement of the partnership estate of James F. Redhead & Co., and no settlement was ever made of said estate. James F. Redhead has continued to conduct the business under the firm name of James F. Redhead & Co., the same as before the death of Thomas Redhead, and has conducted all business pertaining to said partnership of said estate, and is the sole surviving partner, but not in the capacity of administrator; and he is

now the sole owner of the partnership business and the owner of the judgment, and was such owner at the time execution issued under which the land was sold and bought in by James F. Redhead. The abstract of the judgment in favor of James F. Redhead & Co. was, in proper form, filed with the clerk of the district court, and the execution issued thereon was also in proper form. James F. Redhead & Co. resided in Reno county, Kansas, and their business was carried on in said county. After filing the abstract of judgment with the clerk of the district court, the Kansas Manufacturing Company obtained a judgment against J. W. Ballinger *et al.*, and execution was issued on said judgment under which the same lands were sold to R. J. Graham. Said execution was not issued until more than one year after the judgment had been rendered, and it was the first and only execution that had been issued on said judgment. The execution under which James F. Redhead purchased the land was issued prior to the execution of the Kansas Manufacturing Company, under which R. J. Graham purchased the same land. The sale under execution to James F. Redhead was prior to the sale under execution to R. J. Graham. Subsequent to the issue and levy of the execution under which the sale was had in the case of James F. Redhead & Co. *v.* J. W. Ballinger *et al.*, the execution was issued on the judgment in the case of the Kansas Manufacturing Company *v.* J. W. Ballinger *et al.*, and levied upon the same property in which the execution was issued in the case of Redhead *v.* Ballinger, and a sale had thereunder, at which sale R. J. Graham became purchaser.

*Davidson & Williams*, for plaintiffs in error.

*F. F. Prigg*, for defendant in error, James F. Redhead.

The opinion of the court was delivered by

JOHNSON, P. J. : The only question involved in this case is whether or not the judgment of James F. Redhead & Co. became dormant by the death of Thomas Redhead, a member of the firm of James F. Redhead & Co., and one of the plaintiffs, and whether the judgment should have been revived before an issuance of the execution under which the land was sold.   Section 439 of chapter 80 of the General Statutes of 1889, provides :

"If either or both parties die after judgment, and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same in the same manner as is prescribed for reviving actions before judgment; and such judgment may be rendered, and execution awarded, as might or ought to be given or awarded against the representatives, real or personal, or both, of such deceased party.

"SEC. 440.  If a judgment become dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment."

"SEC. 423.  Where there are several plaintiffs or defendants in an action, and one of them dies, or his powers as personal representative cease, if the right of action survive to or against the remaining parties the action may proceed, the death of the party or the cessation of his powers being stated on the record."

"SEC. 425.  When one of the parties to an action dies, or his powers as a personal representative cease before the judgment, if the right of action survive in favor of or against his representatives or successors, the action may be revived and proceed in their names.

"SEC. 426.  The revivor shall be by an order of the court, if made in term, or by a judge thereof, if in vacation, that the action be revived in the name of the representatives or successor of the party who died, or whose powers ceased, and proceed in favor of or against them."

In the case of *The State, ex rel., v. McArthur*, 5 Kas. 283, KINGMAN, C. J., in delivering the opinion of the court, says : "All proceedings upon a judgment while it is dormant are void, and will be set aside." If the judgment was dormant, no execution could issue thereon, and no proceedings could be had in relation thereto, except such as are authorized for its revivor.

Article 2 of chapter 37 of the General Statutes of 1889, respecting executors and administrators in the settlement of estates of deceased persons, provides how partnership estates shall be administered :

"SEC. 31. The executor or administrator of the estate of any deceased member of a copartnership shall make a separate inventory of the whole of the partnership estate, goods and chattels, rights and credits, appraised at its true value, as in other cases ; but the appraisers shall carry out, in the footing, an amount equal only to the deceased's proportional share of the copartnership interest.

"SEC. 32. The property thus appraised shall remain with the executor or administrator, or be delivered over to the surviving partner, who may be disposed to undertake the management thereof, agreeably to the conditions of a bond, which he shall give to the state of Kansas, in such sum and with such securities as is required in other cases of administration."

"SEC. 35. In case the surviving partner, having been duly cited for that purpose, shall neglect or refuse to give the bond required in this article, the executor or administrator on the estate of such deceased partner, in giving a bond, as provided in the next section, shall forthwith take the whole partnership estate, goods and chattels, rights and credits, into his own possession, and shall be authorized to use the name of the survivor in collecting the debts due the late firm, if necessary ; and shall, with the partnership property, pay the debts due from the late firm, with as much expedition as possible, and return or pay to the surviving partner his proportion of the excess, if there be any."

"Sec. 38. Every surviving partner, who shall neglect or refuse to comply with the provisions of the preceding section, may be cited for such neglect or refusal before the probate court; and unless he comply with such provisions, or show sufficient excuse for his omission, the probate court may commit him to the jail of the county, there to remain until he consent to comply, or is discharged by due course of law."

These sections prescribe the duties of a surviving partner, and the manner in which he may proceed to settle up the affairs of the partnership after one of the partners dies.

It is contended by the defendants in error that no revivor is necessary except in the case of the death of the sole plaintiff or sole defendant. We do not concur with the defendants in this view of the case. The language of the statute is that where there are several plaintiffs or defendants in an action, and one of them dies, or his power as personal representative ceases, if the right of action survives to or against the remaining parties, the action may proceed, the death of the party or the cessation of his powers being stated on the record; but before action can proceed after the death of one of the several parties, there must be a suggestion of the death made to the court and entered of record, and some order of the court directing that the action may be proceeded in by the surviving parties to the action. Section 439 provides that if either or both parties die after judgment and before satisfaction thereof, their representatives, real or personal or both, may, as the case may require, be made parties to the same in the same manner as is prescribed for reviving actions before judgment. If either party to the action die, the action cannot be proceeded in until suggestion of the death is made to the court and the action revived in the name of the legal rep-

resentative of the party deceased. So, if either of the parties to a judgment die, the judgment becomes dormant until such time as the death of the party is suggested, and the judgment revived in the name of the legal representative of the party. Upon the death of one of the partners, the partnership is dissolved and the surviving partner can do nothing in the way of carrying on the partnership affairs only to hold the possession of the property and do such things as are necessary to protect it from loss until he has complied with the statute and given bond as required by article 2 of chapter 37. Thus the management of the partnership estate by the surviving partner must be under the direction of the probate court of the county in which the estate is situated. Upon the death of one of the partners, the general administrator of his estate is required to make a separate inventory of the whole partnership estate, goods and chattels, rights and credits, appraised at its true value, as in other cases, but the appraisers shall carry out in the footing an amount only equal to the deceased's proportional share of the partnership interest, and the property thus appraised shall remain with the executor or administrator to be delivered to the surviving partner who may be disposed to undertake the management thereof agreeably to the condition of a bond which he shall give to the state of Kansas in such sum and with such securities as are required in other cases of administration.

The record in this case does not disclose the fact whether Thomas Redhead left an individual estate or not; nor does it disclose whether there was an administrator appointed on the estate of Thomas Redhead or not, or whether the partnership estate of James F. Redhead & Co. was appraised under an ad-

ministration of the estate of Thomas Redhead, deceased. We are not informed whether the property, credits, rights in action, etc., belonging to the partnership estate of James F. Redhead & Co., upon the death of Thomas Redhead, were appraised or taken possession of in any manner by an administrator of the estate of Thomas Redhead. No contract or proceedings can be had respecting the assets of a deceased partner's estate, except by the authority and with the approval of the probate court, and only then to the extent authorized or permitted by the law of the state. (*Cox v. Grubb*, 47 Kas. 437; *Teney v. Laing*, 47 id. 297; *Blaker v. Sands*, 29 id. 554.) The surviving partner of James F. Redhead & Co. having failed and neglected to comply with the statute in relation to the settlement of deceased partners' estates, had no authority whatever to proceed to carry on the business of the partnership in the name of the late firm of James F. Redhead & Co. While it is true that he was entitled to the possession of the property for the purpose of preserving the same, before he could lawfully proceed to wind up the affairs of the estate he must give bond as required by the statute and wind up the affairs of the estate under the direction of the probate court. The agreed statement of facts shows that James F. Redhead was the sole surviving partner of the late firm of James F. Redhead & Co., and by reason of his being the sole survivor it is claimed that he became the owner of the judgment and had the right to control it. But we do not deem such to be the law. The law requires that all actions, where either of the parties die, must be called to the notice of the court and a revivor ordered by the court, or an order by the court that the surviving party, plaintiff or defendant, be allowed to proceed to the final determination of the

matter in litigation in the same manner as though the deceased party had survived. Under the statute providing for the revivor of actions and judgments, we are clearly of the opinion that the judgment of James F. Redhead & Co. against Ballinger *et al.*, at the time the execution issued on it (10th day of May, 1889,) was dormant, that no execution could legally issue thereon, that all proceedings had after the death of Thomas Redhead were void, and that the sale made under the execution was invalid and should have been set aside on the motion of the defendant Graham.

It is therefore ordered that the judgment be reversed and this case be remanded to the district court to be proceeded in according to the views stated herein, and that the defendant pay the costs of the proceedings in error herein.

All the Judges concurring.