W. F. DENNY v. GEORGE ROSS.

No. 13,910.  (79 Pac. 502.)

SYLLABUS BY THE COURT.

1. JUDGMENT—*Dormancy—Void Execution.* An execution issued upon a dormant judgment is void; it neither receives life from the judgment nor imparts life to it.

2. ———— *Proceeding in Probate Court Ineffectual.* A proceeding pending in the probate court in aid of execution upon a judgment in the district court does not serve to extend the time within which such judgment becomes dormant.

Error from Sedgwick district court; DAVID M. DALE, judge. Opinion filed February 11, 1905. Affirmed.

*I. P. Campbell & Son,* for plaintiff in error.

*Adams & Adams,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : There is some question between counsel as to the nature of this case, the plaintiff in error claiming that it is one to revive a dormant judgment; the defendant in error, that it is an action upon a dormant judgment.

The judgment was rendered May 19, 1879. It was properly kept alive by the issuance of executions until December 10, 1888, on which date an execution was issued. The next execution was issued December 13, 1893; the next February 10, 1899. This action was commenced December 4, 1899, which, as will be noted, is nine days less than six years after the issuance of the execution on December 13, 1893. We shall assume, without deciding, that this is a proceeding to revive a dormant judgment, and that it was commenced in time, providing there was a living judg-

ment on the 13th of December, 1893.   If the execution issued on that date had no living judgment upon which to rest, it could not receive vitality from such judgment, or its issuance impart vitality thereto. Section 4895 of the General Statutes of 1901, being section 445 of the code of civil procedure, provides :

"If execution shall not be sued out within five years from the date of any judgment that now is or may hereafter be rendered in any court of record in this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant and shall cease to operate as a lien on the. estate of the judgment debtor."

It will be noted that the execution of December 13, 1893, was issued three days after the expiration of five years from the date of the execution which last preceded ; hence, under the terms of this section, the judgment had then become dormant.

A dormant judgment is one without generative vitality.   That it may have efficiency it must be awakened, revivified.   A dormant judgment does not authorize the issuance of an execution ; "all proceedings upon the judgment while it is dormant are void." (*The State v. McArthur*, 5 Kan. 280, 283 ; *Ballinger v. Redhead*, 1 Kan. App. 434, 40 Pac. 828 ; *Dempsey v. Township of Oswego*, 51 Fed. 97, 2 C. C. A. 110.)

If the judgment was dormant on December 13, 1893, it would neither sustain the execution issued on that date nor be revived by the issuance of such execution, as the statute specifically points out how dormant judgments may be revived, and these methods are exclusive.

Plaintiff in error, however, contends that the judgment was not dormant on December 13, 1893, and

this because of the fact that from March 14, 1891, to July 8, 1891, there was pending in the probate court proceedings under the statute in aid of execution upon this judgment, and that these proceedings served during that time to suspend the running of the limitation found in the section heretofore quoted. We cannot approve of this claim ; no authority therefor is found in the statute. The language of the statute admits of no such exception. What the effect of a suspensive proceeding might be to stay the running of the time indicated in the statute it is here unnecessary to decide, for clearly this proceeding in aid of execution had no suspensive effect ; it was simply an auxiliary one ; the judgment remained in the district court, and an execution could have been issued, and even levied, at any time during the pendency of these ancillary proceedings.

The judgment having become dormant five years after December 10, 1888, the proceedings to revive could only have been brought within one year thereafter, and hence, the proceeding here under consideration not having been commenced within that period, it was unauthorized, and the judgment of the district court denying relief to the plaintiff is affirmed.

All the Justices concurring.