JACOB NEWHOUSE, Surviving Partner, etc., v. BENJAMIN HEILBRUN et al., formerly Partners, etc.

No. 14,674.     (86 Pac. 145.)

SYLLABUS BY THE COURT.

PARTNERSHIP — Death of a Partner — Unsatisfied Judgment — Dormancy—Revivor.  Upon the death of one of the members of a partnership in whose favor a judgment has been recovered the judgment becomes dormant, and no execution can issue thereon until the judgment is revived as provided by law.

Error from Shawnee district court; ALSTON W. DANA, judge.  Opinion filed July 6, 1906.  Affirmed.

STATEMENT.

ON May 1, 1889, the firm of Emrich, Newhouse & Co. recovered, in the district court of Osage county, a judgment against the firm of Heilbrun & Lauer for the sum of $357.05 and costs.  On April 14, 1894, an execution was issued and returned unsatisfied.  On March 13, 1900, the judgment was revived against the defendants.  On August 6, 1902, Felix Emrich, one of

the plaintiffs, died intestate. No personal representatives of his estate have been appointed, and since his death no revivor of the judgment has been had in the names of the personal representatives of his estate, real or personal, or in the name of any other person. On February 7, 1905, an execution was issued on the judgment and delivered to the sheriff of Osage county.

On March 11, 1905, defendants filed in the Osage county district court their motion to quash and set aside the execution for the reason that by the death of Emrich the judgment became dormant, and, as the same had not been revived, no valid execution could issue thereon. The judge of the district court of Osage county being disqualified, the case was transferred to the district court of Shawnee county. On the hearing the motion was allowed and the execution quashed and set aside. To reverse this judgment Newhouse brings the case here.

*J. D. McCue,* and *Samuel Eppstein,* for plaintiff in error.

*J. E. Jones,* and *McLaughlin & Messerley,* for defendants in error.

The opinion of the court was delivered by

PORTER, J.: The only question presented is whether a judgment in favor of a partnership becomes dormant on the death of one of the partners. Plaintiff in error concedes that if the case of *Ballinger v. Redhead,* 1 Kan. App. 434, 40 Pac. 828, is the accepted law of the state the judgment in this case must be affirmed. It is provided by section 439 of the code of civil procedure as follows:

"If either or both parties die after judgment and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same, in the same manner as is prescribed for reviving actions before judgment; and such judgment may be rendered and execution awarded

as might or ought to be given or awarded against the representatives, real or personal, or both, of such deceased party." (Gen. Stat. 1901, § 4889.)

It is contended that this statute does not require the revivor of a judgment when the whole right to enforce it passes by the death of one of several plaintiffs to another plaintiff. In *Blaker v. Sands*, 29 Kan. 551, it was held that upon the death of one partner the other becomes a trustee for all concerned. Counsel for plaintiff in error rely upon this and the case of *Teney v. Laing*, 47 Kan. 297, 27 Pac. 976, where it was held that until the surviving partner had been cited to appear before the probate court and had neglected or refused to give the bond provided for in section 2817 of the General Statutes of 1901, and until the administrator had given the bond required of such administrator, the surviving partner was entitled to the possession of the partnership assets.

This court had previously decided, in *Shattuck v. Chandler*, 40 Kan. 516, 20 Pac. 225, 10 Am. St. Rep. 227, that the provisions of article 2 of chapter 37 of the Compiled Laws of 1885, which are the same as article 2 of chapter 37 of the General Statutes of 1901, preclude the settlement of partnership estates in any other manner. It cannot be questioned that the surviving partner is entitled to the possession of the assets of the firm, as against the administrator, until deprived of that right by due process of law provided for in this statute. But the question here is not the right to the possession of assets; it is merely as to the status of a judgment upon the death of one of two parties plaintiff. As was held in *Seeley v. Johnson*, 61 Kan. 337, 59 Pac. 631, 78 Am. St. Rep. 314, upon the death of plaintiff in the judgment it becomes dormant and a revivor is necessary. Did the judgment here become dormant by the death of one of the partners who were plaintiffs?

The case of *Ballinger v. Redhead*, 1 Kan. App. 434,

40 Pac. 828, decided by the court of appeals eleven years ago, has been recognized by this court as settled law. It was cited in *Seeley v. Johnson, supra,* followed in *Denny v. Ross,* 70 Kan. 720, 79 Pac. 502, and is cited as the law of this state in the following authorities: 22 A. & E. Encycl. of L. 221, 8 Encyc. Pl. & Pr. 327, and 17 Cyc. 996. There are no facts which distinguish that case from this. While opposed by some respectable authorities, its reasoning accords with our views and the policy of our statutes. We hold, therefore, that upon the death of one of the members of a partnership which is a party plaintiff in a judgment the judgment becomes dormant, and no execution can issue thereon until it has been revived.

The judgment allowing the motion to quash is affirmed.

All the Justices concurring.