G. A. WATSON, ADMINISTRATRIX, ET AL. V. THE BLYMER MANU-
FACTURING COMPANY.

(Case No. 2087.)

1. CONTINUANCE—DILIGENCE—A case having been upon the docket for so long as two years, a party, in his first application for continuance, is held to the most rigid requirements of the statutes. See the opinion for an insufficient showing as to diligence.

2. SECONDARY EVIDENCE—AFFIDAVIT—TESTIMONY OF PARTY—STATUTES CONSTRUED— The statute permitting a party to a suit to make affidavit of the loss of a written

instrument, was intended to furnish a means for introducing secondary evidence. In cases where parties to the suit are competent witnesses, the necessity for an affidavit of loss is removed; its object can be attained by parol testimony.

3. EVIDENCE—WRITTEN INSTRUMENTS—A written instrument not declared upon as the foundation of the action or defense, which is sought to be introduced as evidence, must be filed with the papers of the case three days before the trial. This requirement is complied with if the instrument in question was made an exhibit to the original petition.

4. PRACTICE—EVIDENCE—Objections to the introduction of evidence not made when the evidence was offered, will not be considered on appeal.

5. PARTNERSHIP—MORTGAGE—JUDGMENT—PROBATE—In giving judgment against two mortgagors, the estate of one of whom was then in probate, all property named in the mortgage was ordered to be sold. *Held*, Unless it appeared that the mortgage was a partnership transaction and covered partnership property, only the interest of the mortgagor living should have been ordered sold, and the judgment should have been certified to the county court for observance.

APPEAL from Bowie. Tried below before the Hon. W. P. McLean. The facts are stated in the opinion.

*F. M. Henry*, for appellants, cited: R. S., 2257; Firebaugh *v.* Ward, 51, Tex., 409; Crayton *v.* Munger, 11 Tex., 234; Hampshire *v.* Floyd, 39 Tex., 103; Erksine *v.* Wilson, 20 Tex., 80; Robinson *v.* Brinson, 20 Tex., 441.

No briefs on file for appellee.

GAINES, ASSOCIATE JUSTICE.—This suit was instituted by appellees, in February, 1884, against F. M. Watson, appellant's intestate, and one J. W. Berry and one Charles Wilkerson. The defendants filed their answer on the 29th day of the same month. The cause was continued at each successive term of the court until the February term, 1886; whether by consent or because it was not reached upon the docket, does not appear from the record. In the meantime F. M. Watson died and G. A. Watson, appellant, was appointed administratrix of his estate and made a party to the suit. At the last named term the cause was tried and appellee recovered a judgment for its debt and enforcing its lien. Defendants in the court below moved for a new trial, which was overruled, and then gave notice of appeal.

The first error assigned is the overruling the motion of appellant for a continuance. This was sought, as is shown by the bill of exceptions taken to the action of the court, on account of the absence of a witness, stated in the application to be a telegraph operator and transient man then located at Troupe, Texas. The application further stated that the witness left this country shortly after the suit was brought,

and that defendants had made most diligent application to procure his testimony "by writing to various places and making constant inquiries to find out his whereabouts," but that they failed to do this until during the present term of the court. The materiality of the witness's testimony is stated, and the testimony set out, and other grounds for the motion given, which were not required, this appearing to be a first application.

We do not think the proper diligence was shown. The materiality of witness' testimony was known when the original answer was filed, and it would seem that from the nature of his occupation, if inquiries had been directed to the proper quarter, his movements could have been traced and his location discovered in less than two years. If it had appeared that the witness had changed his employment or had left for a remote state or country, or that the telegraph companies could not or would not furnish information as to his place of residence or employment, it would have presented a different case. It is to be noted further, that the application shows that witness' "whereabouts" was discovered during that term of the court, but on what day of the term does not appear. The transcript shows that the judgment was rendered on March 12, which was the last day of the term.

If it had been known during the first week of the term, or even later, where the witness then lived, and interrogatories had then been filed, there was ample opportunity to obtain his testimony. Without giving that definite statement of facts from which the court could have passed intelligently upon the question of diligence in this regard, defendants contented themselves with the allegation "that by no possible degree of diligence could they have obtained the testimony of the said witness before or at the present term of this court for the reason above stated." We think that the showing of diligence under the circumstances was not sufficient, and that after the case had stood upon the docket for two years, the court did not err in holding defendants to the most rigid requirements of the statute.

The suit was brought to recover a debt due by promissory notes, and to foreclose a mortgage upon certain machinery, etc., made to secure said notes, and alleged to be executed by appellant's intestate and her co-defendant, Berry. The notes and the certified copy of the mortgage were annexed and made a part of the petition. On the trial below, appellees offered in evidence the certified copy of the mortgage, accompanied with the oral testimony of C. S. Todd, one of their attorneys, that the original mortgage was in his possession in 1885, and had been burnt in a fire which consumed his office. The court admit-

ted the copy over defendant's objection, and defendants having saved the point by a bill of exceptions, now assign the ruling of the court as error. The grounds of objection were: (1) that appellees had not filed an affidavit that the original had been lost, or that they could not procure the same; (2) that the copy had not been filed among the papers of the case three days before the trial.

The statute providing for the affidavit of a party to the suit to the loss of an instrument, etc., was originally enacted before the passage of the law permitting parties to testify in their own cases, and was doubtless intended to enable them to lay a predicate for the introduction of secondary evidence, which they could not do as witnesses. This provision is still necessary to the ends of justice in that large class of cases in which the parties are disqualified to give testimony. But because the party to a suit has the privilege of establishing the fact by affidavit, is that any reason why he should be denied the right of having it established by oral evidence? The opposite party has the right to cross-examine in the latter case, and certainly can have no ground to complain. The objection that the copy of the mortgage was not filed among the papers three days before the trial cannot be sustained. This is only required in case of an instrument sought to be introduced in evidence, but which has not been declared on in the pleadings as the foundation of the action or defense.

Art. 2262, Revised Statutes, and not Art. 1257, is the law applicable to the case. But if such filing had been requisite it was complied with in substance by being made an exhibit to the original petition, of which defendants had notice from the time of filing their original answer.

It is set up in the brief of appellant's counsel as another objection to the introduction of the copy in evidence, that its loss was not alleged. This objection not having been urged upon the trial when the copy was offered, it is too late to set it up now.

The fifth assignment of error is that the court erred in ordering the mortgaged property to be sold, and in not ordering the judgment to be certified to the county court for observance. We are of opinion that this should have been done. If the original defendants, Watson and Berry, had been partners and the mortgage had been a partnership transaction, and the property named in it partnership property, a judgment ordering the sale of the whole property, if necessary to pay the debt, would have been correct. But the record nowhere discloses that this was a partnership transaction.

Therefore, the judgment will be reversed and rendered so as to direct

an order of sale to issue from the district court, for the sale of defendant Berry's interest in the property, and as to appellant, the judgment, both as to the debt and lien, be certified to the county court for observance.

REVERSED AND RENDERED.

[Opinion delivered October 26, 1886.]