### B. R. DAVIS & BRO. v. HERMAN SCHAFFNER & CO.

#### No. 141.

**1. Nonjoinder of Parties.**—Service having been made upon one of two partners, and thereafter the partner served having died, and the plaintiffs having by supplemental petition suggested the death and procured service upon the other partner, with prayer for judgment against the partnership and the partner last served, the heirs of the deceased partner were not necessary parties, since judgment was not sought against them, nor against the estate of the deceased partner

**2. Surviving Partner—Plaintiffs' Rights.**—The fact that the surviving partner had not been originally served, and that she had not been joined, did not deprive plaintiffs of their right to make her a party after the death of the other partner, and to prosecute their claim against her and the partnership assets, she having the capacity to represent both for such purposes.

**3. Res Adjudicata—Judgment in Garnishment.**—The indebtedness sued on had been incurred to D. & Co., who assigned it to appellees and notified appellants thereof. Thereafter, appellants were garnished as debtors of D. & Co., and not pleading the assignment, allowed judgment against them in garnishment for the amount of the debt, but afterwards, with appellees, filed a motion to set aside that judgment, setting up the assignment of the debt before service of the writ, which motion was dismissed by the court because it came too late, the court making no investigation into the merits of the case. This proceeding being pleaded as res adjudicata, was held unavailing.

**4. Same.**—There was no adjudication of the issues presented in the case now at bar. The point decided upon the motion was, that the parties could not go behind the judgment which had been rendered in the garnishment case, because too late. Without going behind that judgment, the court had no occasion to investigate the title of appellees to the debt.

**5. Res Adjudicata — When Parol Evidence Admissible upon Trial of that Issue.**—Parol evidence, that upon the hearing of the garnishment case the court, after hearing the pleadings, announced that it came too late, and refused to hear the case on its merits, and that that was all that took place, was admissible. When the issues adjudicated are not shown by the record, and the effect of the judgment depends upon the ground upon which it is based, evidence is admissible to show such grounds, and as the record itself shows that no such judgment was rendered as would preclude appellees from asserting this claim, the admission of the evidence was harmless.

**6. Estoppel of Plaintiffs.**—The statement of the attorney then representing the appellees, after the dismissal of the motions to set aside the judgment in

garnishment, to the effect that he would not further assert appellees' claim, was accompanied by the statement that he did not undertake thereby to bind his clients, but meant only as an attorney to withdraw from the case, and not prosecute it further, did not estop appellees. Appellants had no right to assume that appellees would not assert their claim, and in paying the money to plaintiffs in garnishment, upon the faith of such statement, they took the risk of such action as the appellees had the right to take.

APPEAL from Galveston. Tried below before Hon. WM. B. LOCKHART, County Judge.

*John C. Walker*, for appellants.— 1. Upon the dissolution of a partnership by the death of the only partner served, suit can not be maintained against the other without allegation that such other is a surviving partner. Angelene F. Davis could only be held liable as a surviving partner, and upon proper allegation that she was such survivor. Kendall v. Hackworth, 66 Texas, 500; Ottenhouse v. Burleson, 11 Texas, 88; Higgins v. Rector, 47 Texas, 361; Deversey v. Johnson, 93 Ill., 557; McDowl v. Charles, 6 Johns. Ch., 134; Burchard v. Boyce, 21 Ga., 6; Thebadlaux v. Comeau, 30 La. Ann., 1119; Lockhart v. Harrell, 6 La. Ann., 532; McGuire v. Ramsey, 9 Ark., 519; Vose v. Phellebrook, 3 Story, 336.

2. The record of the case in the District Court having been admitted in evidence, and it showing a judgment against the garnishees, B. R. Davis & Bro., and against Herman Schaffner & Co., intervenors, parol evidence was inadmissible either to explain what was done or what was understood to be done in the course of the proceeding. Fisk v. Miller, 20 Texas, 581; Allen v. Read, 66 Texas, 16; Flippen v. Dixon, 83 Texas, 421; Campbell v. Butts, 3 N. Y., 173; Black on Judg., sec. 625; Wells' Res Adj., sec. 299; Herm. on Estop., p. 312, secs. 267, 268.

3. The court erred in rendering judgment against defendant, because the issues in this suit were proved to have been adjudicated in the District Court of Galveston County, Texas, in cause number 14,539, wherein judgment was rendered against Herman Schaffner & Co., dismissing their intervention, on June 30, 1890. Watson v. Hopkins, 27 Texas, 637; Parker v. Spencer, 61 Texas, 155; Dixon v. Zadek, 59 Texas, 529; Roberts v. Johnson, 48 Texas, 133; Tadlock v. Eccles, 20 Texas, 791; Nichols v. Dibrell, 61 Texas, 541; Lee v. Kingsbury, 13 Texas, 70; Girardin v. Dean, 49 Texas, 243; Lyon v. Mfg. Co., 125 U. S., 698; Lawrence v. Vernon, 3 Sumn., 20; Gumbel v. Pitkin, 113 U. S., 545; Freeman v. Miller, 53 Texas, 372; Ins. Co. v. Barr, 20 Atl. Rep., 245; 54 Ga., 154; Black on Judg., sec. 576.

*Davidson & Minor*, for appellees. — 1. The firm of B. R. Davis & Bro., for the purpose of liquidating its affairs and paying its debts, was not dissolved by the death of J. P. Davis; and plaintiffs having instituted

this suit on a firm debt and against said firm before the death of the said J. P. Davis, were entitled to judgment against the firm of B. R. Davis & Bro. and against the surviving partner, Angelene Davis, who was duly served.   Rev. Stats., art. 1224; Alexander v. Stern, 41 Texas, 193; Railway v. McCaughey, 62 Texas, 271; Sanger Bros. v. Overmier, 64 Texas, 57; Henderson v. Banks, 70 Texas, 400.

2.   Death of B. R. Davis did not abate the suit.   Rev. Stats., art. 1250; Dunman v. Coleman, 59 Texas, 199.

3.   The garnishment case was disposed of by motion on the motion docket; said motion was overruled and the intervention of Schaffner & Co. dismissed, and no trial was had upon the merits.   It was not res adjudicata.   Philipowski v. Spencer, 63 Texas, 604; Pishaway v. Runnels, 71 Texas, 352; Scherff v. Railway, 81 Texas, 473; Jackson v. Eliott, 49 Texas, 62; Royer v. Wolf, 8 Pa. Com. Pleas, 641; Freem. on Judg., secs. 273, 274; Packet Co. v. Sickles, 24 How., 333; Foster v. Wells, 4 Texas, 101; Bailey v. Knight, 8 Texas, 61; Graves v. White, 13 Texas, 123; Hassell v. Nutt, 14 Texas, 260; Sawyer v. Boyle, 21 Texas, 28; Magee v. Chadoin, 30 Texas, 661; Baily v. Trammell, 27 Texas, 327; Cook v. Burnley, 45 Texas, 97; Oldham v. McIver, 49 Texas, 556.

4.   The court did not err in not concluding from its findings of fact that plaintiffs were estopped from recovery in this suit because they induced B. R. Davis & Bro. to pay the money over to the attorneys of Kohlman & Co.   Bige. on Estop., 598; Wright v. Daily, 26 Texas, 730; Rainey v. Chambers, 56 Texas, 17; Carter v. Roland, 53 Texas, 540; Watson v. Hewitt, 45 Texas, 472.

WILLIAMS, ASSOCIATE JUSTICE.—The demurrer to the plea in abatement of Mrs. Davis, alleging nonjoinder of the representatives of J. P. Davis, was properly sustained.   They had been partners, and the suit was originally brought against the partnership upon a debt of the firm, and service was had upon J. P. Davis.   He died pending suit, and his death was suggested of record, and plaintiffs by supplemental petition procured service to be made upon Mrs. Davis, the other partner.   She pleaded in abatement that the heirs of J. P. Davis should be made parties.   Judgment was not sought against them, nor against the estate of J. P. Davis, but only against Mrs. Davis and the partnership assets.   She was the surviving partner, as appeared from the pleadings, though not named as such, and could be sued on causes of action which had arisen against the firm.   The fact that her partner had been originally served and that she had not been joined did not deprive plaintiffs of their right to make her a party after his death, and to prosecute their claim against her and the partnership assets, she having the capacity to represent both for such purposes.

The plea of res adjudicata urged by appellants was not good.

The facts are, that the indebtedness asserted by appellees against appellants had been incurred by appellants to Deimel & Co. The latter assigned it to appellees, who notified appellants of such assignment. Thereafter Kohlman & Co., creditors of Deimel & Co., sued them and caused a garnishment to be served on appellants. The attorney representing the latter, not having been notified by them of the assignment by Deimel & Co. to appellees, answered the garnishment, admitting the indebtedness, and upon this answer Kohlman & Co. subsequently took judgment against appellees as garnishees.

After the close of the term at which such judgment was rendered, appellants filed a motion to set it aside, and appellees intervened and joined them in their prayer to reopen the case, setting up their right to the debt under the assignment from Deimel & Co. The court dismissed the motion and intervention. This is the judgment which is pleaded as an adjudication of the claim asserted in this case by the appellees, who were plaintiffs below.

It was shown at the trial that the court declined to set aside the judgment, on the ground that the applications came too late, and made no investigation into the merits of the claim asserted by appellees to the debt. It seems plain that this was no adjudication of the issue presented in this cause. The point decided on the motions was, that the parties could not get behind the judgment which had been rendered against the garnishees. Without going behind that judgment, the court in that case had no occasion to investigate the title of appellees to the debt. The parol evidence offered by appellees as to the ground upon which that judgment was based was, perhaps, unnecessary, but it was admissible.

When the issues adjudicated are not shown by the record, and the effect of the judgment depends upon the grounds upon which it is based, evidence is admissible to show such grounds. It sufficiently appears from the record of the proceedings that no such judgment was rendered as would preclude appellees from asserting this claim, and the parol evidence, whether admissible or not, was harmless.

There is nothing in the conduct of appellees, so far as it appears from the record, in connection with the garnishment proceedings, sufficient to preclude them from suing upon the debt which they acquired from Deimel & Co. It was the duty of appellants, when garnished by Kohlman & Co., having received notice of the assignment of the debt which they owed to Deimel & Co., to take proper steps to protect themselves from double liability. The service of the garnishment did not make it the duty of appellees to contest it. The law afforded appellants ample means by which to protect themselves, notwithstanding appellees were nonresidents; and the attorneys of the latter were ready to assert their claim whenever their clients should be interpleaded in the garnishment suit. Arthur v. Batte, 42 Texas, 159

Whether appellants were misled by the conduct of the attorney of Kohlman & Co. in the garnishment suit and prevented from making their defense or not, appellees are not shown to be in any way responsible for the proceedings which took place.

The statement of the attorney who then represented appellees, made after the District Court had dismissed the motions to set aside the Kohlman judgment, to the effect that he would not further assert appellee's claim, was accompanied by the statement that he did not undertake thereby to bind his clients, but meant only that as an attorney he withdrew from the case, and would not prosecute it further. Appellees are not estopped by this. Appellants had no right to assume that appellees would not assert their claim, and in paying the money to Kohlman & Co. upon the faith of such a statement, took the risk of such action as appellees had the right to take.

The judgment of the court was correct, and is affirmed.

*Affirmed.*

Delivered April 27, 1893.