## James A. Thompson et al. v. Lena Bender.

Decided May 19, 1908.

**Estates—Suit Against Partnership—Judgment of Foreclosure.**

The District Court has jurisdiction to render judgment for debt and foreclosure of mortgage lien upon partnership property against a surviving partner and the administrator of a deceased partner although administration be pending on the estate of the deceased partner. Evidence considered, and held sufficient to support a finding that the note sued upon was a partnership debt, and land mortgaged to secure the same was partnership property.

Error from the District Court of Harris County. Tried below before Hon. Chas. E. Ashe.

*L. B. Moody,* for plaintiffs in error.—A purchaser under a sale made under a judgment of the District Court rendered against an administrator foreclosing a mortgage on land given by his intestate, acquires no title when the sale is made by the sheriff under order of the District Court requiring the land to be sold as under execution. Revised Statutes, art. 1344; Meyers v. Evans, 68 Texas, 467; Emmons v. Williams, 28 Texas, 779; Chandler v. Burdett, 20 Texas, 43, 44; Cunningham v. Taylor, 20 Texas, 129; McMiller v. Butler, 20 Texas, 405; Conkrite v. Hart, 10 Texas, 140; Martin v. Harrison, 2 Texas, 458; Fortson v. Caldwell, 17 Texas, 628, 629; Boggess v. Lilly, 18 Texas, 205; Hooper v. Caruthers, 78 Texas, 437; Bradford v. Knowles, 86 Texas, 508; Fleming v. Ball, 25 Texas Civ. App., 209.

*Burke & Tarver,* for defendant in error.—For the purpose of winding up the partnership affairs, collection and payment of debts due to and by the partnership, and the like, the partnership continues to exist after the death of one of the partners, and the interest of such deceased part-

ner in the partnership property is not his, nor subject to administration of his estate, unless the assets of the partnership be more than enough to pay the partnership debts. Carter v. Conner, 60 Texas, 56; Rogers v. Nichols, 20 Texas, 719; Watson v. Blymer Mfg. Co., 66 Texas, 558; Moody v. Smoot, 78 Texas, 123; Pinkston v. West, 12 Texas Ct. Rep., 487; Story on Partnership (4th ed.), sec. 97, and note 1, and sec. 98.

McMEANS, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by plaintiffs in error against defendants in error in which judgment was rendered for the latter. The land sued for is the James W. Singleton survey, and was sold by the original grantee to W. R. Baker and James A. Thompson. Plaintiffs in error are the heirs of said Thompson and are entitled to an undivided half of the land sued for unless their right to recover is defeated by a sale of the land under execution issued on a judgment in favor of Shepherd and Burke against W. R. Baker and Sarah A. Thompson, administratrix of J. A. Thompson's estate. We adopt the findings of fact of the trial court, which are as follows:

"1. The land in controversy was granted by the State of Texas to Jas. W. Singleton by patent dated January 26, 1849, No. 799, volume 6.

"2. By deed dated November 10, 1852, said Jas. W. Singleton conveyed the same land to W. R. Baker and James A. Thompson. Both parties in this case claim under this deed, and both admit that plaintiffs are the heirs of James A. Thompson; that defendants hold whatever title was in W. R. Baker at the time of his death, and that both Baker and Thompson are dead.

"3. On September 15, 1854, said Baker and Thompson, who were partners in business, made, executed and delivered to B. A. Shepherd and Burke, a partnership composed of B. A. Shepherd and A. J. Burke, a mortgage upon the same land. The recitals in this mortgage show that it was given to secure payment of a note payable to the firm of B. A. Shepherd and Burke, and that the mortgagees and mortgagors therein are designated by their individual, and not their partnership names, except in the copy of the note, where the firm name of B. A. Shepherd and Burke is used, and in the condition of the mortgage, where that of Baker and Thompson is used.

"On November 14, 1857, the parties to this mortgage executed a written agreement to extend the time on said note and mortgage, and this agreement was signed by B. A. Shepherd in the firm name of B. A. Shepherd and Burke, and by W. R. Baker in the firm name of Baker and Thompson. The note was signed by W. R. Baker and James A. Thompson. This note and mortgage and agreement are on file in the records of this court.

"Both Thompson and Baker answered in this suit in their lifetime and neither of them specially denied the partnership alleged by plaintiff, nor that the debt was a partnership debt, nor that the mortgaged property was subject to payment of such a debt. Pending this suit, Thompson died, and his widow, Sarah A. Thompson, was appointed and qualified as administratrix of his estate, and was made party to said suit by *scire facias,* and on December 2, 1858, judgment was ren-

dered by the court against the then defendants, W. R. Baker and Sarah A. Thompson, as legal representatives of James A. Thompson, deceased, for the debt sued for and order of sale made for the property alleged to have been mortgaged by Baker and Thompson, and for such amount as such sale might not be sufficient to satisfy it was ordered that execution issued against the property of W. R. Baker, and that the judgment might also be certified by the probate court for its observance. Order of sale and execution issued, and on March 10, 1859, W. R. Baker, as surviving partner, pointed out for levy a number of tracts of land, in writing, from the list of which the lands included in the order of sale were erased.

"The sheriff's return on the order of sale shows that the sale was made in due and legal form, and that W. R. Baker became the purchaser.

"The sheriff's return and deed show that Baker complied with his bid and paid the balance of the debt, and in the files is a receipt from B. A. Shepherd for the amount of the judgment to the sheriff.

"4. The sheriff executed deed to W. R. Baker April 5, 1859, and said deed was duly filed for record April 19, 1859, and Baker conveyed the same property to J. E. McWhorter by deed filed March 7, 1873.

"5. On August 22, 1879, J. E. McWhorter reconveyed the land to W. R. Baker for a recited consideration of $3,000 (the surrender of the note of J. E. McWhorter for $1,653, given for said land, being the consideration), and in said deed recited that it was intended to cancel the deed from Baker to McWhorter as the consideration for it was never paid."

Upon these facts the court concluded that the judgment against W. R. Baker and Thompson's administratrix is valid, and that the plaintiffs in error are concluded by it. The court did not expressly find that the debt sued on by Shepherd and Burke was a partnership debt of Baker and Thompson, nor that the land was partnership property of the last-named firm, but it is a reasonable inference from the facts stated that such were true, and in support of the judgment we so find. The debt then being the partnership debt of the firm and the land being owned in partnership, the judgment ordering the sale of the land was correct, and the sale thereunder passed the title to the purchaser, as against Thompson's estate. Carter v. Conner, 60 Texas, 56; Watson v. Blymer Mfg. Co., 66 Texas, 561.

There was no error in the judgment and it is therefore affirmed.

*Affirmed.*

Writ of error refused.