**SEDERHOLM et al. v. CITY OF PORT ARTHUR et al. and four other cases.**

(Nos. 1610–1612, 1622, 1623.)

Court of Civil Appeals of Texas. Beaumont.
Feb. 23, 1928.

Rehearing Denied Feb. 29, 1928.

**1. Courts ⬅➡90(1)—Decision that judgment was valid as against collateral attack held controlling, under stare decisis doctrine, in subsequent attack on judgment in same court by same parties.**

Decision of Court of Civil Appeals that mortgage foreclosure judgment was valid as against collateral attack *held* controlling, under doctrine of stare decisis, in subsequent attack on same judgment in same court by same parties.

**2. Mortgages ⬅➡497(1)—Judgment foreclosing mortgage, rendered by agreement, was waiver of all defects, where court had jurisdiction of parties and subject-matter and power to render judgment.**

Judgment foreclosing mortgage against partnership lands, rendered by agreement, was waiver of all defects, where court had jurisdiction of parties and of subject-matter and power to render judgment.

**3. Judgment ⬅➡487, 501—Judgment cannot be impeached collaterally for irregularity or insufficiency in cause of action.**

Judgment cannot be impeached collaterally on account of any irregularity or insufficiency in cause of action on which it is founded, since it is not jurisdictional and does not render judgment void.

**4. Judgment ⬅➡489—Court having jurisdiction of subject-matter and issues in foreclosure suit had jurisdiction to determine land covered by mortgage, affecting collateral attack.**

Where district court had jurisdiction of subject-matter and of issues involved in foreclosure suit, it had jurisdiction to determine what part of land was covered by mortgage, as respects collateral attack.

**5. Judgment ⬅➡504(2)—Where court had jurisdiction in foreclosure suit, its finding as to land covered by mortgage might not be collaterally attacked.**

Where district court had jurisdiction in foreclosure suit to determine what part of land was covered by mortgage, its finding that all except 200 acres was subject to foreclosure of lien might not be collaterally attacked.

**6. Judgment ⬅➡503—Mortgage foreclosure judgment held not subject to collateral attack because mortgage described land as purchased in year 1856, whereas land was purchased in 1858.**

Judgment foreclosing mortgage on partnership land *held* not subject to collateral attack because mortgage described land as purchased by partnership in year 1856, whereas land was in fact purchased in year 1858.

**7. Judgment ⬅➡501—Where judgment foreclosing mortgage recognized partnership character of land and debt, partnership character might not be collaterally attacked.**

Where judgment foreclosing mortgage on partnership land recognized partnership character of mortgaged land and partnership character of debt sued on, partnership character of land and debt might not be assailed in collateral attack on judgment.

**8. Judgment ⬅➡501—Foreclosure judgment recognizing validity of mortgage executed by one partner for partnership held conclusive as to due execution, as against collateral attack.**

Mortgage foreclosure judgment recognizing validity of mortgage executed by one partner in name and on behalf of partnership *held* conclusive as to due execution, as against collateral attack.

**9. Partnership ⬅➡203—District court did not lose jurisdiction to render judgment foreclosing mortgage for partnership debt on partnership land because partner died after being cited and answering.**

District court did not lose jurisdiction to render judgment foreclosing mortgage on land owned by partnership, for partnership debt, because one of partners died after he was served with citation and filed his answer.

**10. Partnership ⬅➡203—District court need not certify judgment foreclosing mortgage on partnership land to probate court for execution because partner died pending suit.**

Since district court did not lose right to execute judgment rendered by it foreclosing lien of mortgage on partnership land for partnership debt, because one of partners died after he was served with citation and answered it was not necessary to certify the judgment to probate court for execution.

**11. Mortgages ⬅➡445—Pleadings in suit to foreclose mortgage on partnership land held sufficient to confer jurisdiction.**

Pleadings in suit to foreclose mortgage on partnership land for partnership debt, fully stating nature of cause of action, amount of claim, mortgage, and property mortgaged, and praying for judgment on claim with foreclosure of lien, *held* sufficient to confer jurisdiction.

**12. Judgment ⬅➡503—Judgment cannot be impeached collaterally for amendable defect in pleadings.**

Judgment cannot be impeached collaterally on account of any defect in pleadings which is amendable, even though pleadings are bad on general demurrer.

**13. Judgment ⬅➡501—Date of dissolution of partnership might not be inquired into in collateral attack on foreclosure judgment.**

Question whether partnership was dissolved before execution of mortgage on partnership land for partnership debt by one of partners might not be inquired into in collateral attack on foreclosure judgment.

**14. Judgment ⬅️480—Judgment foreclosing mortgage on partnership land held "final judgment" as regards collateral attack.**

Judgment granting recovery on partnership debt and foreclosure of mortgage on partnership land securing debt and ordering sale of land *held* "final judgment," disposing of all parties and all issues made by pleadings as regards collateral attack.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

**15. Mortgages ⬅️512, 514—Execution sale on mortgage foreclosure held not void because sheriff may not have divided all land properly or sold all land described in order of sale.**

Execution sale under judgment foreclosing mortgage on partnership land *held* not void, because sheriff may not have divided all of land into lots and blocks, as required by law, or may not have included all lands in lot divided, or may not have sold all land described in order of sale.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Actions by Carl S. Sederholm and others against City of Port Arthur and others and against John Lacoste, by Elizabeth Johnson and others against John Lacoste, John L. Keith, and by Carl S. Sederholm and others against John L. Keith. Judgments in favor of defendants, and plaintiffs appeal. Judgments affirmed.

Jas. H. Rachford, of Beaumont, for appellants.

E. L. Nall, Leon Sonfield, A. L. Calhoun, and King & Jackson, all of Beaumont, and Wistner & White and J. W. Williams, all of Port Arthur, for appellees.

PER CURIAM. [1] These five cases present the same issue and differ only as to parties. We are consolidating them for the purposes of opinion and judgment. The issue is a collateral attack upon a judgment of the district court of Jefferson county in the case of John T. French v. Samuel Remley et al., rendered the 29th day of November, 1870. The parties appellant are the heirs of Samuel Remley and John T. Johnson. We had this judgment before us in Tyner v. City of Port Arthur, wherein the plaintiffs were heirs of John T. Johnson, and held it good against the collateral attack there made. On rehearing we certified the issues to the Supreme Court, and upon its answer, reported Tyner v. City of Port Arthur, 280 S. W. 523, the motion for rehearing was overruled. Our opinion was not published, but is of record in volume 10A, pp. 464–492, of our minutes. These five cases again bring in issue the validity of that judgment. In the Tyner Case the parties appellant were heirs of Johnson and claimed the land in that case as Johnson's heirs on the proposition

that the sale made of the land under the French judgment was void. The attorney of record for all these appellants was one of the attorneys of record in the Tyner Case. On oral argument on the submission of these cases this attorney stated to the court that he and his associates had before them the additional propositions advanced on these appeals and that he urged them upon his associates in the trial of the Tyner Case, but they refused to base that case upon his propositions. On this appeal these appellants again assert that the judgment in the French Case was void, that the sale made under that judgment of the land described therein was void, and now by these suits are claiming title as heirs of Remley and Johnson of certain tracts of the land sold under the French judgment. On the doctrine of stare decisis, our decision in the Tyner Case should control all these cases. This doctrine was clearly stated by the Commission of Appeals in Benavides v. Garzia, 290 S. W. 739, viz.:

"In the Rossetti-Benavides Case [(Tex. Civ. App.) 195 S. W. 208], supra, this identical will and the contract referred to in it were before the courts, and constituted the basis of the recovery, and while it was not technically a proceeding to construe the will, nevertheless the courts necessarily did construe the will and announced the conclusion that the contract and will, in view of the adoption and ratification by the surviving widow, vested an undivided one-half interest in the Laredo lot No. 5 in Francisco, which was inherited by the plaintiffs in that suit as heirs of Francisco, and the other undivided one-half interest in Juan Benavides. The Supreme Court refused a writ of error to this decision. We think that decision governs this case and calls for an identical construction of the will. This conclusion is not predicated upon any theory or rule of res adjudicata or estoppel whatever. It is rather based upon the doctrine of stare decisis, which as a matter of public policy and sound legal administration requires the courts in the decision of cases to observe a proper respect for the prior decisions of the highest court. While the rule is not unbending, and the courts are not without power to depart from a prior ruling, or of course to overrule it, where cogent reasons exist, and where the general interest will suffer less by such departure, than from a strict adherence (Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, 803, 53 Am. St. Rep. 770), yet a due regard for the stability of rights acquired under the law as announced by the highest court of the state, to say nothing of the propriety of uniformity of decision by that court, requires that when a question of law has been definitely settled once it should remain the law unless there exists the strongest reasons for changing it. It is obvious this rule of decision is something entirely apart from the conception of res adjudicata or estoppel of any sort. Certain elements enter into the consideration of the binding force of a judgment, or the operation of an estoppel, that have no place whatever in the rule of stare decisis, and the force of the rule is the same whether the parties to the two suits are

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

identical or not, and, as to estoppel, whether they or either of them knew of the prior decision or any of the facts inducing it. Concretely stated, the doctrine merely means that the decisions of law made by the highest court of the state become the law of that state."

[2] But the propositions advanced by appellants in these cases are without merit. For the purpose of discussing these propositions, we adopt the statement made in our opinion in the Tyner Case and in our certificate to the Supreme Court, as reported in 280 S. W. 523. As appears from the statement so made, the district court had jurisdiction of Remley and John T. Johnson, and after Johnson's death of his wife, Mrs. Elizabeth Johnson, in her character as administratrix and surviving wife. Upon the evidence in the Tyner Case, and also upon the agreement of the parties, we held that the judgment in the French Case under attack in the Tyner Case was a judgment by agreement. While in these cases there was no agreement to that effect and appellants now controvert that construction, under the evidence on that issue we adhere to our former construction of the judgment.

In 34 C. J. 134, it is said:

"A judgment by consent or agreement operates as a waiver of all defects or irregularities in the process, pleading, or other proceedings prior to the rendition of the judgment, except such as involve the jurisdiction of the court."

In Magnolia Petroleum Co. v. Caswell (Tex. Civ. App.) 295 S. W. 653, we said that an agreed judgment should "be construed as a mutual deed * * * between the parties." It is clear to us on the statement made in the Tyner Case that the district court had jurisdiction of the parties and of the subject-matter and power to render the judgment; therefore the judgment by agreement operated as a waiver of all defects. But even if the judgment were on trial, it is not open to collateral attack.

[3] In 34 C. J. 554, it is said:

"A judgment cannot be impeached collaterally on account of any irregularity or insufficiency in the cause of action on which it is founded, this not being a jurisdictional defect or sufficient to render the judgment void."

[4, 5] The following statement made by appellants of the nature of their propositions shows fully the attack they are making upon this judgment. We quote as follows:

"(1) That the mortgage executed in the firm name 'Johnson & Remley' was limited by its terms to the interest in the land owned by said firm and did not include the homesteads or the lands owned individually out of the tract described therein by John T. Johnson or Samuel Remley. (2) Because the mortgage by its description was given on a tract of land purchased by the firm of Johnson & Remley in 1856, and the plaintiff by his suit asked that it be foreclosed on a tract of land purchased by John T.

Johnson and Samuel Remley in 1858. (3) That the land had been divided and appropriated by John T. Johnson and Samuel Remley prior to the execution of the mortgage and that even if it at the date of its purchase it was partnership lands of the firm of Johnson & Remley by such partition and appropriation of same it became the individual land of John T. Johnson and Samuel Remley and was not subject to said mortgage. (4) That said mortgage was never executed by either John T. Johnson or Samuel Remley and no lien was created thereby on the homesteads at that time held by either of them nor on any of the land they had appropriated to their own use. (5) That said mortgage never having been signed nor executed by either John T. Johnson or Samuel Remley but simply 'Johnson & Remley' was void and created no lien. (6) That John T. Johnson having died and owning his homestead and other land out of the land described in plaintiff's petition, the district court of Jefferson county could not order the interest belonging to his estate to be sold to satisfy the judgment debt. (7) That the pleadings filed by the plaintiff French were insufficient to confer jurisdiction upon the district court to hear and determine said cause, and the court never having acquired jurisdiction no agreement subsequently made between the parties could confer jurisdiction on the court to hear and determine said cause. (8) That at the date of the execution of said mortgage as shown by the pleadings of the plaintiff the partnership between John T. Johnson and Samuel Remley had terminated and the mortgage executed only in the firm name 'Johnson & Remley' created no lien. (9) That the judgment entered in said cause No. 486 was not a final judgment, in that it did not dispose of all the parties or all of the subject-matter of said suit and no sale made thereunder was valid. (10) That the sheriff by his return shows that he did not divide or sell the land he was ordered to sell as required by the Constitution and the law. That none of the above issues of fact and law were issues in said cause No. 1190, styled Emma Tyner et al. v. City of Port Arthur et al."

These propositions are without merit. Discussing them as numbered:

(1) Since the district court had jurisdiction of the subject-matter and of the issues involved under appellants' first proposition, it had jurisdiction to determine what part of the land was covered by the mortgage. Having determined that all of it except 200 acres was subject to the foreclosure of the lien, that finding cannot be collaterally attacked. True, under the Constitution Johnson and Remley each had a homestead claim of 200 acres, but it does not appear from the pleadings nor the record that all their homestead claim was confined to this tract.

[6] (2) That the mortgage described the land as being purchased by the firm of Johnson & Remley in 1856, when in fact it was purchased in 1858, could at the most have only constituted a variance, and, being a defect in the evidence, is not available to the appellants in a collateral attack.

[7] (3) There is nothing on the face of the

record in the case of French v. Remley & Johnson to show that the land had been divided between Johnson and Remley and appropriated by them as their separate property, but the issue was made that it was partnership property and the judgment rendered recognized the partnership status of the land and of the debt sued upon. That the land was not partnership property or that the debt was not a partnership debt cannot be shown in a collateral proceeding.

[8] (4, 5). It appeared on the face of the record· in French v. Remley & Johnson that the mortgage was executed by Samuel Remley in the name and on behalf of the partnership. The rendition of the judgment recognizing the validity of the mortgage, whether by agreement or upon trial, foreclosed any inquiry into that issue in a collateral attack. In 34 C. J. 554, footnote 53, § (b), it is said:

"Where a judgment is entered on a mortgage, it will conclusively establish the due execution of the mortgage, although the latter may have been in fact void; the mortgage is merged in the judgment, which cannot be collaterally impeached."

[9, 10] (6) That Johnson died after being served with citation and filing his answer did not deprive the district court of jurisdiction to render judgment on this partnership debt. It was not necessary to certify this judgment so rendered to the probate court for execution. The suit by French against Johnson & Remley was a suit against the partnership for a partnership debt, seeking a foreclosure on partnership property securing that debt. The death of one of the parties would not abate the suit. Watson v. Blymer Mfg. Co., 66 Tex. 558, 2 S. W. 353; Davis v. Schaffner, 3 Tex. Civ. App. 121, 22 S. W. 822; Lovelady v. Bennett (Tex. Civ. App.) 30 S. W. 1124; Thompson v. Bender, 51 Tex. Civ. App. 81, 111 S..W. 170.

[11, 12] (7) The pleadings of French fully stated the nature of his cause of action, the amount of his claim, his mortgage, the property mortgaged, and prayed for a judgment on his claim with foreclosure of his lien. There was no admission in his pleadings that any part of the land covered by his mortgage was homestead, but expressly put that fact in issue, and, being in issue, it was justiciable under his pleadings. Clearly, the court had jurisdiction to determine the issues made by the pleadings of French in that case. Even though the pleadings had been subject to a general demurrer, which they were not, the judgment cannot be impeached collaterally. Nichols v. Dibrell, 61 Tex. 539; Blair v Guaranty, etc., 54 Tex. Civ. App. 443, 118 S. W. 608; Tadlock v. Eccles, 20 Tex. 782, 73 Am. Dec. 213.

In 34 C. J. 560, it is said:

"A judgment cannot be .impeached collaterally on account of any defect in the pleadings which are amendable, even though such pleadings are bad on general demurrer."

[13] (8) The date of the dissolution of the partnership between Johnson and Remley in relation to the execution of the mortgage by Remley for the firm cannot be inquired into on a collateral proceeding.

[14] (9) The judgment attacked was a final judgment and disposed of all the parties and issues made by the pleadings.

[15] (10) The sheriff in selling the land under the execution attempted to divide it into lots and blocks, as required by law. The particular moieties of land involved in these. appeals was a part of the land so divided. That the sheriff may. not have divided all the land, or may not have included all the land in the lot so divided, or may not have sold all the land described in the order of sale, did not make the sale as made void. Greene v. Elerding (Tex. Civ. App.) 291 S. W. 271; Alred v. Montague, 26 Tex. 733, 84 Am. Dec. 603.

There being no merit in any of appellants' propositions, they are all overruled. For the reasons indicated, the judgment of the trial court is affirmed in all five cases.