CHANCERY.

*Case* 36.

*January* 12.

Case stated.

# McCandless & Co. *vs* Hadden.

## APPEAL FROM THE GALLATIN CIRCUIT.

*Partnerships.    Bankruptcy.    Practice in Chancery.*
*Bills of exchange.*

JUDGE SIMPSON delivered the opinion of the Court.

THE firm of Wilson & Hadden having, for the accommodation of McCandless & Co., accepted and paid bills drawn by the latter, for a considerable amount, did, for the purpose of reimbursing themselves, draw thirteen bills on the house of McCandless & Co., which they accepted but failed to pay at maturity, having in the meantime, suspended business and disposed of their available assets to other creditors.

Thereupon this suit in chancery was brought by Wilson & Hadden, alleging a balance due them in said transaction, of about eighteen thousand dollars, the failure and insolvency of the firm of McCandless & Co., the non-residency of McNickle, one of the firm, and that he owned certain lands in the town of Covington, which they prayed might be subjected to the payment of their demand.

During the pendency of the suit, Wilson, one of the partners, died, and the suit having abated as to him, progressed in the name of Hadden, as surviving partner. But the suit having been commenced in 1834, and not finally disposed of in the Court below, until the fall term, 1847, Hadden in the meantime, had been declared a bankrupt.

In 1846, the defendants filed an extract from the proceedings in bankruptcy, in the District Court of the United States for Louisiana, showing that Hadden was proceeded against in that Court, as a bankrupt, and moved the Court to dismiss this suit, on the ground that one of the complainants was dead and the other a bankrupt; which motion was overruled.

A decree having been subsequently rendered in favor of the complainants, the defendants appealed; and it is now contended, that the Court erred in refusing to sustain the motion to dismiss, or if it did not, that the proper parties were not made; the assignee of Hadden the bankrupt, and the personal representative of Wilson, one or both being necessary parties.

Upon the death of Wilson, Hadden as surviving partner, became invested with the title to all the debts and demands due to the firm. He not only had a right to sue in his own name in a Court of law, but also in chancery. He had an equitable lien upon the partnership assets, for the payment of the debts of the firm. This suit having been carried on for the benefit of the firm, and no claim presented by the survivor inconsistent with, or affecting injuriously the rights of the deceased partner, it was not necessary that his personal representative should have been made a party.

*Upon the death of one partner, all the rights and interests of the firm vest in the survivor, and the personal representatives of the deceased partner is not a necessary party to any suit pending or to be brought.*

Nor did the fact of Hadden's bankruptcy authorize a dismissal of the suit on the motion of the defendants. The interest of the deceased partner, which extended at least to one half of the demand sued for, and to the whole amount, if it were required for the payment of the debts of the partnership, although vested in Hadden, did not pass to the assignee; and as this interest still remained in him, it was sufficient to enable him to maintain the suit in his own name.

*A surviving partner of a firm becoming bankrupt, does not render it proper to dismiss a suit in his name as survivor; and where the survivor had transferred to the deceased partner in his lifetime all his interest, the pending suit was in no way affected by the bankruptcy of the survivor, as not passed to the assignee of the survivor.*

And as the evidence used on the motion to dismiss, proved that Hadden had transferred to Wilson, in his lifetime, all his interest in the demand sued for in this case, and that nothing vested in the assignee in bankruptcy, he was not a necessary party, the suit being, in reality, in Hadden's name for the benefit of the estate of the deceased partner, and the creditors of the firm.

Among other matters of defence relied upon by the defendant, McNickle, he alleged in his answer, which he made a cross bill against the complainants, that previous to the institution of the present suit, he had executed deeds for the lands in the town of Covington, mentioned in the complainant's bill to Thomas D. Carneal, and Robert Buchanan, for the benefit of his cred-

McCandless
& Co.
vs
Hadden.

itors. In answer to this cross bill, the complainants denied the deeds were executed before the commencement of the suit, and averred if it were so, that they were fraudulent and void.

Carneal having been made a defendant to the original bill, Buchanan was subsequently made a party, on his petition filed for that purpose. In his answer he asserted title to the lands in the town of Covington, exhibited and relied upon the deeds executed by McNickle to Carneal and himself, and denied that McNickle, the vendor, had any right or title to said lands at the time the complainants instituted their suit. He made no statement in relation to the trust; nor did McNickle in his answer mention the names of the creditors for whose benefit the deeds were executed.

It is now contended that the complainants should have made the beneficiaries under said deeds defendants. We think, however, they were not bound to do it. The names of the creditors do not appear in any part of the pleadings, nor in the deeds. It is not shown by the complainant's original or amended bills, that any such deeds existed, consequently they do not show any defect of parties, and where the defect appears by the answer, it should have been urged by the answer or by plea, which has not been done in this case, otherwise the Court will not take notice of it: *West, &c.* vs *Saunders, &c.*, (1 *Marshall*, 112.) Besides, the creditors have entrusted the management of the trust fund to the trustees, and being represented by them, are bound by any decree which may be rendered against them in relation thereto. And if they were dissatisfied with their conduct, or desired to be made parties for the purpose of attending to their own interests in the suit, they could have effected that object by application to the Court.

The deeds exhibited in the answer of Buchanan, bear date the 27th of January, 1834, were acknowledged on the same day, before the Mayor of the city of Cincinnati, and on the 7th day of the February next ensuing, were lodged for record in the office of the Campbell County Court, the county in which the lands are situated. One of them purports to have been made in consideration

An answer or plea suggesting a defect of parties, should point out who the necessary parties are who are not sued. (1 *Marshall*, 112.)

of forty five thousand dollars, the other in consideration of ten thousand dollars, paid by Carneal and Buchanan.

This suit was commenced on the 5th day of February, 1834. The complainants have not in either the original or amended bills, made any allusion to these deeds; they have neither charged them to be fraudulent nor to have been executed at a time subsequent to their date. They do, indeed, in answer to the cross bill of McNickle, allege both these facts, and they have attempted to sustain the allegation by the introduction of proof. But between the complainants and the defendant, Buchanan, these matters are not put in issue by the pleadings. The principal question, therefore, in the cause is, whether they are so presented as to enable the complainants to rely upon them for the purpose of destroying the effect of the deeds.

The rules of pleading require that every material allegation should be put in issue by the pleadings. If the defendant, as in this instance, sets up a distinct and independent matter, by way of avoidance, he must prove it; and the complainants may introduce testimony to disprove it. But where the matter set up and relied upon by the defendant, is made out by proof, and defeats the complainant's right to relief, he is not allowed to impeach it on a ground not taken in his bill, and not involved in the issue between the parties: (6 *Johnson's Rep.*, 543; 11 *Vesey*, 240; 3 *Wendell's Rep.*, 584.)

If a defendant, by his answer, presented new matter, the complainant, according to the former practice, filed a replication, and the pleadings might have been extended until an issue was made up. But replications are now dispensed with, and if a complainant conceives, from any defence contained in an answer, that his bill is not properly adapted to his case, he may have leave to amend it, and suit it to the defence: (*Mitf.* 19, 255.)

Since the statute of 1811, (1 *Stat. Law*, 301,) dispensing with a replication, the answer is not to be taken as true for want of one, as formerly; but the defendant has to prove any matter of avoidance set up by him in his answer. The existence of such matter, is conse-

*Margin notes:*

McCandless & Co. *vs* Hadden.

Matter of avoidance set up in an answer, must be proved by the party setting it up, and may be disproved by the opposite party.

Since 1811 no replication to answers in chancery is necessary. But if a def't prove a matter of avoidance set up in his answer,

McCANDLESS
& Co.
vs
HADDEN.

the plaintiff, to
avoid its effect,
must so amend
his pleading as
to put in issue
the grounds upon
which he expects
to destroy the
effect of such
matter of avoid-
ance.

quently in issue between the parties. But if its exis-
tence be established by the defendant, the complainant
cannot, without putting the fact in issue, introduce any
new matter to destroy the effect of that which the de-
fendant has relied upon. To permit this to be done,
would be to allow the parties to travel out of the issue,
and to defeat the object contemplated by the law,. in
requiring the matters which either party intends to in-
sist on, to be stated in the pleadings for the information
of his adversary; so that he may. be enabled to direct
his proof to the points in controversy.

The statute dispensing with a replication, does not
have the effect of authorizing, on the part of the com-
plainant, the introduction of proof to avoid and des-
troy the defence set up in the answer. It has the effect
only of placing the defendant in the attitude he would
be, if a general replication had been filed traversing the
allegations of the answer. The defendant has to prove
the facts alleged; the complainant may adduce testi-
mony to disprove their existence and verity; but he
cannot rely upon evidence, which admitting their exis-
tence, tends to avoid and destroy their efficacy.

In this case, the deeds being properly authenticated
and recorded, were admissible as evidence without any
additional proof by the defendant of their execution.
The complainants failed in their effort to prove that they
had not been delivered, and that therefore their execution
was not complete at the time the suit was instituted.
They could not assail them on the ground that they
were fraudulent, because, in no part of the pleadings
between them and the trustees, Carneal and Buchanan,
had they alleged the existence of fraud. The defendants,
consequently, who relied upon these deeds, had made
good this ground of defence. .

It is true, that in responding to the answer and cross

A party to a suit
in chancery made
so by original
bill, is not bound
to notice the al-
legations and is-
sues between
other parties.

bill of McNickle, the complainants averred that the
deeds were fraudulent. Neither Buchanan nor Carneal
were parties to this cross bill, and therefore they were
not bound to notice the issue between the complainants
and McNickle. The acts of McNickle subsequent to the
execution of the deeds, could not affect the rights of

those claiming under them, nor could any litigation between him and the complainants have this effect.

These deeds embraced all the property, which authorized the proceeding *in rem* in this case, in consequence of the non-residency of McNickle, and as all McNickle's right and title thereto had been conveyed away, before the suit was commenced, the jurisdiction of the Court *in rem* failed; and the complainants were not entitled to any decree, unless the Court had jurisdiction to decree in their favor against the defendants *in personam.*

The determination of this question involves an inquiry into the attitude of the parties, and their relations to each other, growing out of the transactions between them, on which the complainants' demand is founded. If the complainants occupy the attitude of sureties for the defendants, and had a right as such, to assert this demand, then a Court of equity having jurisdiction, could decree personally against the defendants, the payment of the amount due to the complainants.

It is obvious that an arrangement existed between these firms, authorizing each to draw upon the other, for their mutual accommodation, and each one was to pay its own acceptances. The acceptances by the complainants were not made with any expectation that the bills so accepted would be paid by the drawers. They made them with the understanding that they were to pay the bills at maturity themselves. They cannot, therefore, be regarded as sureties. They did not so consider themselves. The transaction was substantially an advancement by them of money for the benefit and accommodation of the drawers, upon an agreement on the part of the drawers, that they would accept bills for the accommodation and reimbursement of the complainants.

It has been settled, that in cases of cross acceptances, each party is considered as looking to the liquidation of his claim on the other, by the acceptance which he takes in lieu of his own, and his remedy thereon, and to those only; in which case the law will not raise any implied promise ultra the bills. The party as acceptor

*Where there are mutual drawing and acceptances of bills for mutual accommodation, each party looks to acceptances for indemnity, and the relation of principal and surety does not exist. See authorities.*

has no remedy against the drawer for payment of his own acceptances, because he did not accept in consideration of a promise of indemnity, but in consideration of an agreement that bills for the amount should be accepted for his benefit, and his only remedy is on the cross acceptance: *Cowley* vs *Dunlap*, (7 *Term Rep.* 565;) *Buckler* vs *Buttivant*, (3 *East*, 72–81; *Chitty on Bills*, late edition, 687.)

Inasmuch, therefore, as the Court had no jurisdiction *in personam*, and there was no estate belonging to the non-resident defendant, upon which the jurisdiction of the Court *in rem* could attach, the complainants were not entitled to any decree in their favor.

Wherefore, the decree is reversed, and cause remanded, with directions to dismiss the complainant's bill with costs.

*L. Anderson, J. &. W. L. Harlan and J. W. Stevenson* appellants; *Robertson* for appellee.