HENRY D. BASSETT ET AL. v. HENRY MILLER.

*Suit by surviving partners in their own names.*

Surviving partners can recover in their own names for goods belonging to the firm but sold by them, without joining the representatives of the deceased partner, or obtaining an assignment or organizing a new firm.

The entire legal estate in the assets of a firm vests in the surviving partners.

Error to Superior Court of Grand Rapids. Submitted June 7. Decided June 21.

ASSUMPSIT. Plaintiffs bring error.

*Simonds & Fletcher* for plaintiffs in error.

*Blair, Eggleston, Kingsley & Kleinhans* for defendant in error. The representatives of a deceased partner, by allowing his interest to remain in the firm, become partners, Parsons on Partnership, 443; Collyer on Partnership, §§ 603–4; *Exp. Garland*, 10 Ves., 119; *Washburn v. Goodman*, 17 Pick., 519; *Ogden v. Astor*, 4 Sandf., 314; *Alsop v. Mather*, 8 Conn., 587; *Edgar v. Cook*, 4 Ala., 588.

CAMPBELL, C. J. This case presents, as we think, but one important question, and that is whether surviving partners who sell goods which belong to their firm can recover for their price in their own names, without joining the representatives of the deceased partner. The principle is well settled that the entire legal estate vests in the survivors, and no one else can be regarded as having any legal interest in the assets. *Barry v. Briggs*, 22 Mich., 201; *Pfeffer v. Steiner*, 27 Mich., 537; *Merritt v. Dickey*, 38 Mich., 41.

The court erred in holding that the survivors could not sue for goods sold by them until they had an assignment or had formally organized a new firm.

The other questions are not very distinctly presented and need not be considered. There was evidence tending to show liability which the jury could consider.

Judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.