# Abernathy v. Moses.

*Bill in Equity to set aside Sale of Land made by Register in Chancery.*

1. *Sale under decree modified and affirmed on appeal; when merely irregular.*—Where a sale of land was made by the register under a decree of the chancery court, foreclosing a mortgage, on a bill filed against the mortgagor and a junior encumbrancer of a part of the land, and the complainant became the purchaser, receiving from the register a conveyance, and being put in possession ; and afterwards, on appeal to this court, the decree of sale was affirmed, with the modification, that the land not embraced in the second encumbrance should be sold first, and the land embraced therein should be sold only in the event of a deficit after the sale of the other land,—*held*, that the result of the proceedings on the appeal was to render the sale irregular, and subject to be set aside on proper application ; but that, until the sale was set aside by an order of the court, it would stand.

2. *Same; remedy to have sale set aside.*—It may be, that a petition to the chancery court, bringing the parties interested in the sale before the court, would be the proper remedy to have the sale in such case set aside ; but this point is not decided.

3. *Same; when a bill filed to have sale set aside, a stale demand.*—A bill by the junior encumbrancer, to have such sale set aside, and the lands resold under the decree as modified on appeal, and to have the rents applied to the satisfaction of the decree, filed more than nine years after the sale, and more than eight years after the modification and affirmance of the decree, without showing any excuse for the delay, is subject to demurrer on account of the staleness of the demand.

4. *Same; whether purchaser can be charged with rents for more than one year on setting aside sale—quære.*—Whether, if the sale were set aside on such bill, the complainant in the foreclosure suit, purchaser at the sale, could be charged with rents for more than one year before the suit was brought, *quære.*

5. *Bill in equity by surviving partner; when heirs of deceased partner necessary parties.*—The title, legal or equitable, to lands owned by a partnership does not, like personal assets, devolve on the survivor, but the interest of the deceased partner descends to his heirs, subject in

[Abernathy v. Moses.]

equity to be converted into partnership effects and uses, for certain part-
nership purposes; and hence, the heirs of the deceased partner are nec-
essary parties to a bill filed by the surviving partner to foreclose a mort-
gage on land executed to the partnership, or otherwise to reduce the
security afforded by the mortgage to money, and to his individual pos-
session.

APPEAL from Lee Chancery Court.

Heard before Hon. N. S. GRAHAM.

The bill in this cause was filed on 4th August, 1882, by
Isaac Moses against David Abernathy, John Huguley, and
others, for the purpose stated in the opinion. The case made
by the bill is sufficiently stated in the opinion, except that it
may be added that the bill avers that "all the members of the
said firm of Hall, Moses & Co. are dead, except orator, he be-
ing the surviving member of said firm." To the bill the heirs
of the deceased partners were not made parties. The defend-
ant Abernathy demurred to the bill on the grounds, among
others, (1) that it showed that the right sought to be enforced
thereby was a stale demand, and (2) that the heirs of the de-
ceased partners were not made parties, the latter being the 13th
ground referred to in the opinion. The chancellor caused a
decree to be entered, overruling both a motion to dismiss,
and the demurrer; and from that decree this appeal was taken.

J. M. CHILTON, for appellants.

J. J. ABERCROMBIE, *contra.*

STONE, J.—The present bill may be regarded as one to set
aside a sale made by the register, and to allow Moses, surviving
partner of Hall, Moses & Co., to effect a redemption of part of
the lands by a resale. The bill avers that in December, 1870,
Wilkins and Smith, personal representatives of one Wilkins,
filed their bill to foreclose a mortgage, executed in 1866 by
one Carlisle to one Taylor, and transferred by the latter to
Wilkins and Smith. Among other parties to that bill, Hall,
Moses & Co., a mercantile firm, were made defendants; and it
was averred that they claimed some interest in the land em-
braced in the mortgage, but the nature of their interest was not
set out. They answered the bill, setting forth the nature of
their claim. After the making of the mortgage by Carlisle to
Taylor, part of the lands embraced in the mortgage was sold
at sheriff's sale to Huguley and another, under execution against
Carlisle; and Huguley had then conveyed the lands he had so
purchased to Hall, Moses & Co., as security for moneys he
owed them. Such was the claim set up by Hall, Moses & Co.;
and this court, when that case came before it—*Carlisle v. Wil-*

*kins*, 51 Ala. 371—ruled that Hall, Moses & Co. had a *bona fide* lien and claim on Carlisle's equity of redemption, but that it was subordinate to the mortgage interest of Wilkins and Smith. The present bill then proceeds to aver, that a decree was rendered in said cause, foreclosing said mortgage, and ordering the entire lands to be sold in payment of the mortgage debt ascertained to be due, unless the money was paid in a given short time. That decree was rendered in 1872, and took no notice of the claim set up by Hall, Moses & Co., that the lands not embraced in their mortgage, being still the property of Carlisle, should be first sold, before any recourse should be had against the lands covered by their mortgage. That under said decree, the register, on March 3d, 1873, sold the entire tract of land, and Wilkins and Smith, the complainants in that suit, became the purchasers at the amount of their decree, and obtained title, and were placed in possession under a writ of assistance. The bill then avers that said Wilkins and Smith, "shortly after their said purchase, sold and conveyed the said land to David Abernathy, who thereupon went into possession of the same, and who has remained, and still remains in possession thereof, claiming title thereto by virtue of the same." The bill then proceeds to aver that an appeal from said decree of foreclosure was taken to this court, on the 27th day of May, 1873, and that on the 27th day of July, 1874, this court "in all things affirmed the decree of the said chancery court in said cause, but at the same time so amended the same as to require that there should be sold first that portion of the land mentioned in said bill and mortgage, which had not been sold under the execution—thus leaving the portion in which said Hall, Moses & Co. were interested, to be sold last, and only in the event that there should be a deficit after the sale of the other. That said decree as so amended remains unexecuted, and under it the said Hall, Moses & Co. obtained valuable rights." The bill contains the following additional averment: "That the annual rental value of said land, at and ever since the said register's sale, has been one thousand dollars *per annum*, and that the parties in possession thereof have received that amount of profit therefrom." The special prayer for relief is, that the sale so made be set aside, and that the lands be resold under the amended decree ; for a reference to ascertain and report the rents and profits from the sale to the present time, and "that the same be applied to the satisfaction of the said decree in favor of Wilkins and Smith." This is substantially the case made by the present bill, to which many grounds of demurrer were assigned.

The sale made by the register was not void, nor did it become void by the subsequent action of this court. We have

[Abernathy v. Moses.]

decided that when a plaintiff becomes the purchaser under his own judgment or decree, if the judgment or decree be subsequently reversed, the title acquired by his purchase falls with it. And the same fate befalls a vendee from such purchasing plaintiff.—*Marks v. Cowles*, 61 Ala. 299; *McDonald v. Mobile Life Ins. Co.*, 65 Ala. 358; Freeman on Judgt. (3 Ed.) § 484. That is not this case. The decree under which this sale was effected was affirmed, though modified. The result was to render the sale irregular, and subject to be set aside on proper application. Until the sale was set aside by an order of the court, it would stand. We do not now announce absolutely what would be the proper steps to obtain the action of the court in such case. It partakes of the nature of an abuse of final process, and possibly a petition to the court below, bringing the parties interested in the sale before the court, would be the proper remedy.—*Lockett v. Hurt*, 57 Ala. 198; 1 Brick. Dig. 912.

The bill in the present case was filed in August, 1882, more than nine years after the sale by the register, and more than eight years after the decree of the chancellor was corrected and affirmed in this court.—*Carlise v. Wilkins*, 51 Ala. 371. The bill offers no excuse for this delay. One of the grounds of demurrer is staleness. We think this ground well taken. *Robinson v. Cullom*, 41 Ala. 693; *McCaskell v. Lee*, 39 Ala. 131; *Dobbs v. Barnes*, at the present term [not reported]. It would work great hardship and opression, if parties, circumstanced as the present complainant is, could slumber so long on their rights, and allow a purchaser to quietly occupy under a title at least colorable, until a ruinous account for rents had run up against him. Such a precedent would be akin to improving a man out of his estate.

There is another view of this case which should not be ignored. Apparently, it seeks to liquidate the mortgage debt to Wilkins and Smith, under which the lands were sold, with the rents and profits alleged to have been realized since the register's sale. The bill contains no averment that the lands will command a better price at a second sale, nor is there an offer to make them bring even that much. Now, we do not decide absolutely, but it is worthy of inquiry, whether Abernathy can be charged with rents for more than one year before the suit was brought.—*Dudley v. Witter*, 46 Ala. 664; *Dozier v. Mitchell*, 65 Ala. 511.

The 13th ground of demurrer ought to have been sustained. The title, legal or equitable, to lands owned by a partnership does not, like personal assets, devolve on the survivor. It descends to the heir, subject in equity to be converted into partnership effects and uses, for certain partnership purposes.

[Connor v. Boyd.]

The heirs of the deceased partner were necessary parties, as being interested in the alleged mortgage made by Huguley, having a right to be heard in any application made by the surviving partner to reduce the security to money, and to his individual possession.—*Andrews v. Brown*, 21 Ala. 437; *Caldwell v. Parmer*, 56 Ala. 405. If relief should be granted in this case, the first step would be to set the register's sale aside, and open up the claim of Huguley, and of Hall, Moses & Co., his mortgagees, to further consideration. In that litigation Hall's heirs have such interest as constitutes them necessary parties.

On the two points mentioned the chancellor erred. But as questions may arise on a motion to amend, which can only be considered in the court below, we will remand the cause, to be further proceeded in according to the principles of this opinion.

Reversed and remanded.