HENRY P. O'CONNELL, SURVIVOR OF HIMSELF AND PATRICK O'CONNELL, v. ALBERT SCHWANABECK.

*Partnership—Action by surviving partner—Pleading—Amendment of declaration.*

1. A declaration in an appeal case from justice's court commenced in the names of two plaintiffs, as copartners, *after* the death of one of them, may be amended by allowing the remaining plaintiff to declare as *surviving* partner.[1]

2. A *surviving* partner may recover for work necessarily performed in completing a *firm* contract *after* the death of his copartner.

3. This case is distinguished from *Mead v. Raymond*, 52 Mich. 14, which was an action on the case brought by a surviving partner to recover damages for an alleged false warranty of a horse purchased between three and four years after the death of his copartner, he having continued the business in which the firm was engaged, alone or in conjunction with members of the family of the deceased.

---

[1] See *Cragin v. Gardner*, 64 Mich. 399.

4. The portions of the charge of the court excepted to are held unobjectionable when read in connection with the entire charge and the evidence in the case.

Error to Wayne. (Brevoort, J.) Submitted on briefs April 11, 1889. Decided October 18, 1889.

*Assumpsit.* Defendant brings error. Affirmed. The facts, and points of counsel passed upon by the Court, are stated in the opinion.

*Henry Plass (Atkinson & Weist,* of counsel), for appellant.

*Griffin, Warner, Hunt & Berry,* for plaintiff.

SHERWOOD, C. J. This case was commenced in a justice's court in the names of Henry P. O'Connell and Patrick O'Connell, who had previously been partners.

It appeared upon the first trial in the circuit, by the testimony then given, that Patrick was dead when the suit was commenced, and shortly before the last trial the plaintiff was allowed to amend his declaration by declaring as surviving partner. This was objected to, and is now made a ground of error.

We think the amendment was allo able under the statute.

There was no error in allowing the plaintiff to recover for all the work done necessary to complete the job taken by the partners, and which was partly performed when the partner died. The facts in the case of *Mead v. Raymond,* 52 Mich. 14 (17 N. W. Rep. 221), are different, and the case is not, as supposed by counsel, in point.

Patrick was the father of the plaintiff, and in his life-time he and his son were builders in Detroit, and in 1885, about the middle of November, took a contract of defendant to rebuild and enlarge his hotel, by which Henry, the son, was to give what time he could in supervising the work, and was

to receive 30 cents an hour therefor, to be charged from the time he left home, which was about seven miles from the work. The plaintiff was also to hire men and pay them, and charge it to defendant, or allow the defendant to pay the men himself.

While the work was being done for the defendant,—viz., from the thirteenth of November, 1885, until sometime in April, 1886,—Patrick died, the date of his death being January 3, 1886. The whole job of work done and money and material furnished, as the plaintiff claims, amounted to the sum of $1,695, and all was done and furnished under the contract as above stated; and that of this amount but $525 worth had been done and furnished at the time that Patrick died. The balance which plaintiff claims is his due, and he ought to recover in this suit against the defendant, is $170.67. Plaintiff obtained a verdict, which defendant seeks to set aside on six grounds besides those already stated and considered.

The first relates to the amount for which plaintiff received two notes indorsed by defendant. This was not much argued by defendant in his brief, but we see no fault in what was said and done by the court in this matter. The questions raised were properly submitted to the jury.

The second is that the court told the jury in the charge—

"That the work has been done, is beyond dispute; and that the amount agreed upon by the plaintiff and defendant is also beyond any dispute."

We fail to discover any error in this in connection with the other portion of the charge upon that subject. The court confined the latter part of the clause to the agreed price per hour for the plaintiff's work, and the first part is clearly supported by the record.

The third and fourth of these assignments are based upon the ground that there was no evidence to support the portions excepted to. We think, however, they were supported

by the testimony, and which was properly submitted to the jury. There is no fault in these charges.

The remaining two assignments relate to the following charges:

"1. Now, gentlemen, in the first place, you are to say, from the evidence, were the books kept by O'Connell kept in a proper condition? Were they satisfactory to you, and was his evidence given you in a straightforward and honest manner? You have seen the witness, you have seen his appearance on the stand, and you have heard all the facts. You, on the other hand, have seen Mr. Schwanabeck; you have heard his evidence, and from that evidence, as I said before, you are to be guided. If there were no disputes here, gentlemen, there would be no lawsuit. There is no question about that, and it is left for you to decide.

"2. Now all I can say to you to guide you is simply this: You want to do justice between the parties. You want to take this case,—do not be hasty about it,—give it such consideration as you think it is entitled to. If, from all the evidence,—and I will state that I shall not attempt to recall it, because it is as fresh in your mind as in mine,—but if from all this evidence you are satisfied he is entitled to all his claim, say so. If you think there is a dispute in regard to the board bill, or a misunderstanding there, then, gentlemen, you are to deduct such part of that as you think necessary. You are to deduct $56, or such amount of meals as O'Connell says. He says he had 111 meals, at 9 for two dollars, which would make it about twenty-two and two-ninths cents a meal. However, you are to deduct such things from this bill as necessary."

In regard to the first of these charges, a copy of the plaintiff's books had been used on the trial, and referred to by the plaintiff in giving his testimony, both upon the direct and cross examination. The account kept was of the hours of labor performed by the plaintiff for the defendant, both before and after the death of Patrick; also the various expense accounts of plaintiff for money paid to help, for horse hire, and for materials in the several amounts before stated, before and after his death. Mr. Schwanabeck, the defendant, had also testified concerning these same matters,

and we see nothing improper in the court calling the jury's attention to the testimony relating to them in the way he did, and saying to them they must be guided in their conclusions by the evidence.

In regard to the second of these two charges, the last clause is deemed most objectionable; but we think, after such a review of the case and the testimony and statements of the various items the jury would be obliged to pass upon, there was nothing· objectionable in the closing sentence. It is in substance that if, after you have gone through with the case, · you find it difficult to determine upon the testimony what deductions to make from the parties'· claims, still you are to make such deductions as you may find necessary, under the evidence, to do justice between the parties.

We find no error committed by the court to the prejudice of either party, and the judgment must be affirmed.

The other Justices concurred.