(107 So. 861)

## GOODE v. WEAVER et al. (8 Div. 751.)

(Supreme Court of Alabama. March 25, 1926.)

1. **Partnership ☞275.**

Partnership is dissolved by death of one of the partners.

2. **Partnership ☞258(6)—Survivors of partnership dissolved by death of partner are only necessary parties complainant in suit for accounting against agent appointed to dispose of personal property and choses in action of partnership.**

Survivors of partnership dissolved by death of partner can bring suit for accounting against agent appointed to sell partnership goods and collect its notes, accounts, and mortgages, without joining deceased partner's administrator, widow, or legal guardian of his minor children as parties complainant, since legal title to all partnership personal property and choses in action is vested exclusively in survivors, for purpose of paying partnership debts and distributing balance.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Bill in equity by Mrs. B. K. Weaver and others against D. E. Goode. From a decree overruling his demurrer, respondent appeals. Affirmed.

Mitchell & Hughston and Bradshaw & Barnett, all of Florence, for appellant.

In view of the decision it is not necessary that brief be here set out.

Simpson & Simpson, of Florence, and Andrews, Peach & Almon, of Sheffield, for appellees.

Brief of counsel did not reach the Reporter.

MILLER, J. This a bill in equity by Mrs. B. K. Weaver and others against D. E. Goode for an accounting. Mrs. B. K. Weaver, Joe Ross Patterson, and J. L. Patterson were engaged in the general mercantile business

as partners, under the name of Patterson, Weaver & Co. J. L. Patterson died intestate on December 15, 1918. After the death of J. L. Patterson, the business was continued until December 24, 1919, when D. E. Goode, the defendant, was placed in complete and sole charge of the entire stock of goods, notes, mortgages, and accounts. He was paid a salary for his services, and was employed to sell the goods, collect the accounts and debts, and turn over the money to those entitled to it. The bill alleges he sold the goods, and collected accounts, notes, and mortgages, but he failed to make an accounting for all moneys received by him.

The defendant demurred to the bill, which was by decree of the court overruled. This appeal is prosecuted by the defendant from that decree, and it is the error assigned.

The bill is filed by Mrs. B. K. Weaver and Joe Ross Patterson, surviving members of the firm of Patterson, Weaver & Co. The deceased partner, J. L. Patterson, left a widow, Maude Patterson, and nine children —six minors and three of age. This widow and the children are parties complainant also. The minors appear as complainants by their mother as next friend. The entire argument of appellant in brief is as follows:

"At the time of filing these demurrers, we were of the opinion that the widow and heirs at law of the deceased partner were necessary parties, and that the entire estate of the deceased partner should appear by its legal representative, and the minors by their legal guardian, and we were looking at the case from this angle. Since having studied the case on appeal, we have some doubt as to our contentions as set up by the demurrers. We now rather think they were not necessary parties, and we are willing to submit this case to this honorable court without further argument."

[1, 2] A partnership is dissolved by the death of one of the partners. This partnership was dissolved on December 15, 1918, when J. L. Patterson, one of the members died. Andrews' Heirs v. Brown's Adm'r, 21 Ala. 437, 56 Am. Dec. 252. When a dissolution of a partnership takes place by the death of a member, the legal title to all the personal property and choses in action belonging to the partnership becomes vested exclusively in the survivors, for the purpose of paying the debts of the partnership, and distributing the balance, if any, among the parties entitled to it. Andrews' Heirs v. Brown, supra; Abernathy v. Moses, 73 Ala. 381, headnote 5; 10 Michie Dig. 877, § 155 (1).

This is a bill for an accounting by the defendant, who was appointed agent of the dissolved partnership to sell the goods and collect the notes, accounts, and mortgages. The bill alleges that he sold "a large portion of the goods, did collect many of the accounts,

notes, and mortgages, and that he has totally failed to make an accounting to complainants for all the money received by him from different sources during his conduct of said business."

The legal title to and the right to the possession of the money received from the sale of the goods and cash collected on the accounts, notes, and mortgages by the defendant is in the surviving partners, Mrs. Weaver and Joe Ross Patterson, for the purposes hereinbefore mentioned. They are the necessary parties complainant in this cause. Neither the administrator of the estate of J. L. Patterson, the deceased partner, nor the legal guardian of his minor children, are necessary parties complainant in this cause. Authorities supra.

It results that the court did not err in overruling the grounds of demurrer mentioned, as hereinbefore shown in the argument of appellant. The decree is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.