POY *v.* ALLAN.

1. PARTNERSHIP—CERTIFICATE FILED WITH CLERK PRESUMED TO BE REGULAR.

Certificate of partnership filed in office of county clerk is presumed to have been regular and in compliance with statute (2 Comp. Laws 1915, § 6354) then in force.

2. SAME—SURVIVING PARTNERS REAL PARTIES IN INTEREST—MIS-
   JOINDER OF PARTIES NOT FATAL.

   Action on behalf of partnership for fraud in connection with
   brokerage contract is properly brought by surviving partners,
   and they are real parties in interest (3 Comp. Laws 1915,
   § 12353), and members joined as plaintiffs who have died since
   filing of certificate of partnership or commencement of action
   may be dropped from list of parties plaintiff (3 Comp. Laws
   1915, § 12364), and action proceed in regular manner by
   surviving partners.

Error to Wayne; Murphy (Alfred J.), J. Submitted April 16, 1929. (Docket No. 43, Calendar
No. 33,826.) Decided June 3, 1929.

Case by George Poy and others, doing ousiness as
Oriental Café, against Robert M. Allan for fraud in
connection with brokerage contract. From a judgment dismissing the action, plaintiffs bring error.
Reversed and remanded.

*Howard H. Campbell, J. O. Murfin,* and *Robert
M. Brownson,* for plaintiffs.

*Lightner, Oxtoby, Hanley & Crawford (Clifford
M. Toohy,* of counsel), for defendant.

POTTER, J. George Poy and Harry Yee and their
associates, doing business under the name of Oriental Café in the city of Detroit, brought suit upon
behalf of themselves and their associates against
Robert M. Allan for fraud alleged to arise out of
employing him as a broker to procure a lease. It was
defendant's position that the proper parties in interest were not presented by the declaration, and
the trial court held this was true and a fatal infirmity. The testimony shows that in 1917 a certificate
of partnership was filed in the office of the county

clerk, which certificate is presumed to have been regular and in compliance with the statute (2 Comp. Laws 1915, § 6354) then in force. After the filing of this certificate, and before the commencement of suit, several of the partners died, and, between the date of commencement of suit and the time of trial, several more of such partners died.

Prior to the enactment of the uniform partnership act (Comp. Laws Supp. 1922, § 7966 [1]), the death of one partner dissolved the partnership; it did not terminate the rights of the surviving partner in relation to the partnership property and assets, but such surviving partner, on behalf of himself and his deceased partner, became vested with the power and authority to sell the partnership assets and to close up the partnership business. The surviving partner had a right to prosecute and defend suits brought by or against the partnership and to recover judgment or decree as surviving partner, subject, however, to the right of the personal representative of the estate of the deceased partner to compel an accounting by such surviving partner. The statute is declaratory of the general rule. Act No. 72, Pub. Acts 1917, § 25 (Comp. Laws Supp. 1922, § 7966 [25]). Suits are directed by statute to be brought by the real party in interest.

3 Comp. Laws 1915, § 12353, provides:

"Every action shall be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute, may sue in his own name without joining with him the party for whose benefit the action is brought."

In case of a suit brought by surviving partners, they are the real parties in interest, in their own behalf and in a fiduciary capacity, representing the estate of their deceased partners, and they are the only proper parties who may maintain a suit upon the partnership obligations after the death of any of the partners. The general statute of amendments in relation to legal process and proceedings of all kinds has been liberally construed, and in addition 3 Comp. Laws 1915, § 12364, provides:

"No action at law or in equity shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and parties misjoined may be dropped, by order of the court, at any stage of the cause, as the ends of justice may require."

Statutes requiring every action to be prosecuted in the name of the real party in interest are enacted to protect defendant from being repeatedly harassed by a multiplicity of suits for the same cause of action, but so long as the defendant's rights are fully protected in the litigation, he cannot complain. He is entitled to be protected against vexatious litigation by different parties claiming to assert the same cause of action, but so long as the final judgment, when and if obtained, is a full, final, and conclusive adjudication of the rights in controversy that may be pleaded in bar to any further suit instituted by any other party, the defendant is not harmed. *Sturgis* v. *Baker,* 43 Or. 236 (72 Pac. 744); *Giselman* v. *Starr,* 106 Cal. 651 (40 Pac. 8).

There is no reason apparent why an order may not be entered herein dropping from the list of parties plaintiff those members of the partnership who have died since the filing of the certificate or the commencement of suit, and those parties who, by the

consent of the remaining partners, have been substituted in their stead, so that the suit may proceed in the regular manner by the surviving partners of the partnership. The plaintiffs, if they recover judgment, will be subject to the claims of the personal representatives of the deceased partners, whatever they may be, but such rights are not now before the court.

The judgment of the trial court will be set aside, and the case remanded for amendment and disposition in accordance herewith, costs to abide the final result.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.