[Civ. No. 7422. First Appellate District, Division Two.—June 23, 1931.]

R. McCOLGAN, Respondent, v. ALICE G. SCOBLE, Appellant.

Alice G. Scoble, *in pro. per.*, for Appellant.

Brobeck, Phleger & Harrison for Respondent.

NOURSE, P. J.—Plaintiff sued as the surviving partner of the partnership known as "Daniel A. McColgan". The suit was upon a written contract for the payment of money. Plaintiff had judgment for $2,298.36. The defendant appeals upon typewritten transcripts.

In the month of May, 1919, defendant became involved in litigation over certain real property. Pending the litigation claims of certain creditors of defendant's husband were asserted and defendant deemed it advisable to adjust these claims prior to the termination of the litigation. For this purpose she entered into a written contract with the McColgans (which will hereafter be referred to as the partnership) whereby it agreed to pay to defendant one-twelfth of any money found necessary to settle with the said creditors not exceeding $500, and defendant agreed to pay to the partnership in the event of a compromise of the pending litigation one-sixth of all moneys received in settlement. Thereafter a supplemental contract was executed at which time the partnership paid to the defendant $500 under the terms and conditions of the first contract. The litigation was settled for $18,500 after the creditors' claims had been adjusted in the amount of $7,000. On the trial the issues between the parties were these—plaintiff claimed that he was entitled to one-sixth of the full sum of $18,500, and the defendant claimed that he was entitled to only one-sixth of the sum of $11,500 (that being the amount received after the settlement of creditors' claims), plus eleven-twelfths of the advance of $500, making a total liability on the part of the defendant of $2,298.36. The trial court adopted the theory of the defendant and entered judgment accordingly.

The appeal is taken by the defendant *in propria persona*. She advances certain points without a statement of the case and with but a mere reference to certain portions of the testimony. Points so presented do not demand consideration. (*Duncan* v. *Ramish*, 142 Cal. 686, 690 [76 Pac. 661]; *Mercantile Trust Co.* v. *Reay*, 96 Cal. App. 568, 571 [274 Pac. 401].)

However, as the appeal is not presented by counsel, we may briefly refer to these points in order. It is argued that the court erred in allowing judgment for more than

$1840.03, ''the amount due the partnership shown by Exhibit C''. The point is that the court should not have allowed recovery in the sum of $458.33, eleven-twelfths of the amount advanced by the partnership to the defendant. Exhibit C was offered in evidence by the defendant and admits this amount to be due, hence under defendant's own evidence the amount admitted to be due is the same sum which was allowed in the judgment.

██ It is stated that the trial court erred in allowing interest on the judgment. No argument is made upon the point, and inasmuch as the sum awarded became due upon a written contract and the amount due was readily ascertainable the interest was properly allowed.

██ It is argued that the court erred in overruling the demurrer because it appears that Daniel A. McColgan is deceased. As heretofore stated, the suit was brought by the surviving partner. The demurrer did not specify a failure to join a representative of the decedent, but even if it had the demurrer would not have been without merit.

██ Finally it is stated that the court erred in allowing an amendment to the complaint. The amendment consisted merely in pleading the supplemental contract heretofore referred to and was allowed for the purpose of permitting the pleading to conform to the proofs. There is no error in the record.

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.