WHITE, RESPONDENT, *v.* PRAHL, APPELLANT.

(No. 7,067.)

(Submitted April 29, 1933. Decided May 23, 1933.)

[22 Pac. (2d) 315.]

*Mr. George W. Farr* and *Mr. Lee Butler Farr,* for Appellant, submitted a brief; the former arguing the cause orally.

*Mr. P. F. Leonard,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action was brought to recover on two promissory notes. At the conclusion of the evidence each party made a motion for a directed verdict. Defendant's motion was denied, and plaintiff's granted.

The court made the following findings: That plaintiff and Amos Anderson, at and prior to the death of the latter on January 4, 1927, were carrying on a partnership business in the handling of livestock; that certain horses belonging to the partnership were sold to the defendant and the notes here

sued upon were executed by him in payment therefor; that the notes were made payable to Amos Anderson, but were in fact partnership assets; that they are past due and unpaid, and the plaintiff is in possession of them and has never relinquished his right to them as the surviving partner; that plaintiff, as such surviving partner, on June 27, 1927, made and filed his report in the probate proceedings in the Amos Anderson estate, which report was approved by the court; that the report as thus approved shows that plaintiff was not indebted to the partnership; that there were no outstanding partnership debts and no partnership assets other than the notes here sued upon; and that it is the desire and intention of Smith White and the administratrix of the estate of Amos Anderson that the Prahl notes be collected and the proceeds divided, one-half to the estate and one-half to Smith White.

The court also found, and the evidence shows, that in the final account and report and petition for distribution made by the administratrix of the Amos Anderson estate, which was filed on May 24, 1929, and thereafter allowed and approved, it was shown that at the time of the death of Amos Anderson he was a partner in the livestock and ranching business with Smith White and that the partnership had been terminated except as to minor details; that the partnership had acquired from Prahl the notes here sued upon and that, though made payable to Amos Anderson, Smith White had an interest therein; that White had fully accounted to the administratrix and the administratrix was satisfied with the account and approved it.

The court further found that a decree and settlement of the final account and report of the administratrix and an order of final distribution had been entered in the matter of the Anderson estate. It found generally for the plaintiff and against the defendant and entered judgment accordingly. Defendant by several specifications of error challenges the correctness of the judgment. He contends that the evidence is insufficient to show a partnership between Smith White and Amos Anderson at the time of the latter's death.

We have carefully considered the evidence relating to this issue, and find that, while in most respects it is conflicting, there is sufficient evidence to warrant the court in finding the existence of a partnership. As against the heirs of Amos Anderson, deceased, the decree of settlement of the account of the administratrix and of final distribution established the existence of the partnership and, since no appeal was taken by them from that decree, they would be precluded from now asserting the nonexistence of a partnership.

The next point raised by the defendant is that, even though ▊ a partnership existed between the plaintiff and Amos Anderson, this plaintiff has not the right to sue on the notes without joining the heirs of the estate of Anderson. This contention is equally without merit.

Section 10261, Revised Codes of 1921, in part provides: ''When a partnership exists between the decedent, at the time of his death, and any other person, the surviving partner has the right to continue in possession of the partnership, and to settle its business, but the interest of the decedent in the partnership must be included in the inventory, and be appraised as other property. * * * The surviving partner must settle the affairs of the partnership without delay, and account with the executor or administrator, and pay over such balances as may from time to time be payable to him, in right of the decedent. Upon the application of the executor or administrator, the court or judge may, whenever it appears necessary, order the surviving partner to render an account, and in case of neglect or refusal may, after notice, compel it by attachment; and the executor or administrator may maintain against him any action which the decedent could have maintained. The surviving partner is a trustee of the estate or interest of the deceased partner in the property of the partnership, for every purpose, and the court or judge may require the surviving partner to account at any time.''

Section 8017, Id., provides: ''A partner authorized to act in liquidation may collect, compromise, or release any debts due to

the partnership, pay or compromise any claims against it, and dispose of the partnership property.''

The authorities generally recognize the right of the surviving partner to collect claims due the partnership. (47 C. J. 1045; 20 R. C. L. 1007.) Professor Mechem in his Elements of Partnership, second edition, section 402, speaking of the rights of surviving partners, stated the applicable rule as follows: ''They alone, to the exclusion of the representative of the deceased partner, have the right to the possession of the partnership assets, and to collect or receive debts due the firm. Causes of action, being joint, at law, survive to or against them, and therefore they alone are the ones to sue or be sued in respect to partnership dealings. But while they may have the legal title, they are commonly said to hold it in a species of trust. It is their duty to collect and preserve the assets, to apply them to the payment of the debts, to close up the business with reasonable promptness and to account to the representatives of the deceased partner for his share of the final balance.''

The effect of the accounting by plaintiff to the administratrix was simply to show the condition of affairs of the partnership. It had no effect upon plaintiff's right to the possession of the partnership assets nor upon his right to collect claims due the partnership.

And neither did the decree of distribution in the Amos Anderson estate affect the plaintiff's right to collect the partnership assets, for, as this court stated in *Mares* v. *Mares,* 60 Mont. 36, 199 Pac. 267, 271, in approving the language used in *Franklin* v. *Trickey,* 9 Ariz. 282, 80 Pac. 352, 11 Ann. Cas. 1105: ''The property of the partnership, until the affairs of such partnership be settled and his share paid over to his administrator, is in no sense property of the decedent, or property to be administered as a part of his estate.'' (Compare, also, *Link* v. *Haire,* 82 Mont. 406, 267 Pac. 952, and *Krueger* v. *Speith,* 8 Mont. 482, 20 Pac. 664, 3 L. R. A. 291.)

The right of the plaintiff to maintain this action is clear. The heirs of Amos Anderson took his estate subject to plaintiff's right and duty to effect the collection of the outstanding obligations due the partnership. The defendant runs no risk of being subjected to a further liability on the notes to anyone else. The court properly entered judgment for the plaintiff, and it is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.