### GRAY v. MARRS, Sheriff, et al.

No. 28434. Sept. 27, 1938.

Rehearing Denied April 11, 1939.

596

Arden E. Ross, for plaintiff in error.

Ownby & Warren, for defendants in error.

PHELPS, J. The question in this case is whether a judgment in favor of a partnership becomes dormant upon the death of a member of the partnership.

The defendant Dola Tyler and her father, a partnership doing business under the name of Tyler Cabinet & Mill Works, obtained judgment in a former action establishing a lien against improvements on certain property since conveyed by its then owner to the present plaintiff. Prior to execution on the judgment the father died, leaving the defendant Dola Tyler as the sole surviving partner of the firm. More than a year elapsed after his death, during which time no efforts were made to revive the action in behalf of said deceased partner's representative or heirs, and thereafter the surviving partner, Dola Tyler, caused execution and order of sale to be issued, whereupon plaintiff filed the present action against the sheriff and the surviving partner to enjoin the sale, on the ground that an order to revive an action in the names of the representatives or successor of a plaintiff shall not be made without the consent of the defendant after the expiration of one year from the death (sec. 584, O. S. 1931, 12 Okla. St. Ann. sec. 1072), and that thereafter, if there has been no such revivor or equivalent action, the judgment becomes absolutely dead and unenforceable (Jones v. Nye, 56 Okla. 578, 156 P. 332; L. R. A. 1916E, 735; Drew v. Thurlwell, 173 Okla. 405, 48 P.2d 1066, 100 A. L. R. 806). The trial judge held for the defendant, refusing to enjoin the execution or sale, and the plaintiff appeals.

The plaintiff is correct in his contention that under the law of this state the failure to revive in name of plaintiff's representative or successor within a year from the date when such action might first have been taken, is ordinarily fatal to the right of action or enforcement of the judgment. The defendant Tyler does not dispute that principle, and we need not discuss it. It is further true that in this state application of the principle even extends to joint judgments, and that "when there are two or more judgment creditors under a joint judgment and one of such judgment creditors dies, the judgment becomes dormant, and no valid execution can be issued thereon unless and until the judgment is revived within one year from the time an order of revivor could have been made," as stated in Drew v. Thurlwell, 173 Okla. 405, 48 P.2d 1066, 100 A. L. R. 806.

But neither Drew v. Thurlwell nor the Jones Case, supra, upon which it was based, was an action by a partnership. The situation in those cases was one in which individual plaintiffs obtained joint judgment. Where a partnership obtains a judgment, the judgment is an asset of the firm, and upon the death of a partner should be liquidated as other assets by the surviving partner in winding up the business of the partnership, and section 11661, O. S. 1931, 54 Okla. St. Ann. sec. 54, which was not at all applicable to the Drew and Jones Cases, becomes operative. The death of a partner dissolves a partnership (54 Okla. St. Ann. sec. 45, sec. 11652, O. S. 1931) and thereafter any member may act in liquidation of its affairs unless its liquidation has unanimously been committed to some other partner (54 Okla. St. Ann. secs. 51, 52, secs. 11658, 11659, O. S. 1931). Section 53 then provides that a partner authorized to act in liquidation may collect, compromise, or release any debts due to the partnership, pay or compromise any claims against it, and dispose of the partnership property. The important section, however, is section 54 (sec. 11661, O. S. 1931), mentioned above. It reads:

"A partner authorized to act in liquidation may indorse, in the name of the firm, promissory notes, or other obligations held by the partnership, for the purpose of collecting the same, but he cannot create any new obligation in its name, or revive a debt against the firm, by an acknowledgment, when an action thereon is barred under the provisions of Civil Procedure. On the death of a partner, the surviving partners succeed to all the partnership property, whether real or personal, in trust for the purpose of liquidation, even though the deceased were appointed by agreement sole liquidator; and the interest of the deceased in the ultimate distribution of the partnership assets passes to those who succeed to his other personal property."

Having in mind not only the right but even the duty cast upon a surviving partner by the law of partnership to wind up the affairs of the firm upon death of the other partner, and the practical accomplishment of such liquidation, a claim which has already been reduced to judgment, as well as one which has not yet been, is "property" of the partnership within the meaning of the above statute (6 R. C. L. 261; 10 R. C. L. 74; 22 R. C. L. 37; 28 R. C. L. 237), just as a promissory note is "property," and it is simply one of the assets under the control of the surviving partner, to play its part in the **"ultimate"** distribution of the partnership assets as contemplated by the significant use of that term in the statute.

While there is a considerable conflict of authority on the question whether revivor is necessary as to a deceased joint plaintiff in the absence of a partnership status in plaintiffs (see Annotation 100 A. L. R. 814), there is very little conflict in cases where plaintiffs either sue as, or it appears from the petition that they are, partners. By the great weight of authority (Kansas cases to the contrary, hereinafter discussed) the courts take the view that upon the death of a partner the survivor may prosecute actions for the partnership himself, without joining the representatives or heirs of the deceased partner, or may without revivor continue any such action already begun. And if revivor is unnecessary when the death occurs during pendency of the action, it is difficult to perceive any substantial reason why it should be necessary if the death occurs after judgment but before execution. In fact, several of the cases following, cited as authority for our holding herein, involved that identical situation. Bassett v. Miller, 39 Mich. 133; O'Connell v. Schwanabeck, 76 Mich. 517, 43 N. W. 599; George Poy v. Allan, 247 Mich. 385, 225 N. W. 532; Carrere v. Spofford, 46 How. Prac. 294 (N. Y.); Place v. Bleyl, 60 N. Y. S. 800, 45 App. Div. 17, 17 N. Y. Ann. Cas. 95; Clark v. Howe, 23 Me. (10 Shep.) 560; McCandless v. Hadden, 48 Ky. (9 B. Mon.) 186; Hargardine v. Gibbons, 45 Mo. App. 460; Hargardine v. Gibbons, 114 Mo. 561, 21 S. W. 726; Meriwether v. Quincy, etc., R. Co., 128 Mo. App. 647, 107 S. W. 434; Felton v. Reid, 52 N. C. 269; Beach v. Hayward, 10 Ohio 455; Hawkins v. Capron, 17 R. I. 679, 24 Atl. 466; Miller v. Kern County, 137 Cal. 516, 70 P. 549; Minifie v. Rowley, 187 Cal. 481, 202 P. 673; McColgan v. Scoble, 115 Cal. App. 165, 1 P.2d 36; Freeman v. Pullen, 119 Ala. 235, 24 So. 57; Goode v.

Weaver, 214 Ala. 333, 107 So. 861; Gamble v. Rural Independent School District of Allison, 132 F. 514; Louisville & N. R. Co. v. Morse, 143 Ga. 110, 84 S. E. 428; Cook v. Cochran, 42 Ga. App. 478, 156 S. E. 465; Bone v. Fairchild, 52 Ga. App. 23, 182 S. E. 400; Shivel & Stewart v. Greer Bros., 58 Tex. Civ. App. 115, 123 S. W. 207; Cobb v. Hartenstein, 47 Utah 174, 152 P. 424; Crews v. Sweet, 125 S. C. 303, 118 S. E. 613, 29 A. L. R. 43; Higgins v. Chicago Title & Trust Co., 312 Ill. 11, 143 N. E. 482; Miller v. Ousley, 334 Ill. 183, 165 N. E. 629; Sessons v. Ballard, 160 Ark. 146, 254 S. W. 446; White v. Prahl, 94 Mont. 345, 22 P.2d 315. See, also, 20 R. C. L. 1007; 47 C. J. 1085; 22 A. & E. Encyc. of Law (2d Ed.) 211, 221; 10 Ann. Cas. 956, Note.

While it appears to us, as stated above, that whether revivor is necessary when the partner dies during pendency of the action, and whether revivor is necessary if he dies after judgment but before execution, are in substance the same question, nevertheless we have searched the reported cases to determine whether the same result is reached in the latter class of cases. We find that it is, and that, so far as we have been able to find, no distinction has been attempted except in the state of Kansas. In that state, in Newhouse v. Heilburn et al. (styled Emrich v. Heilbrun in the Pacific Reporter) 74 Kan. 282, 86 P. 145, 10 Ann. Cas. 955, the court stated that the question "is not the right to the possession of assets; it is merely as to the status of a judgment upon the death of one of two parties plaintiff." But our statute (sec. 54, supra) specifically prescribes in case of partnerships that the surviving partner authorized to act in liquidation succeeds to the property "in trust," etc. What the death of a partner does to the "status" of a judgment that it would not equally as effectively do to the status of a cause of action filed but not yet reduced to judgment is not discussed in the opinion. Any such attempted distinction would run contrary to our reasoning in Ranney-Alton Mercantile Co. v. Hanes, 9 Okla. 471, 60 P. 284, wherein a partnership obtained judgment in the district court and a partner died pending appeal by the adverse parties who failed to revive but served notice only on the surviving partner; it was held that this was sufficient, in line with the majority rule that "on the death of a partner, a cause of action in a suit by the firm on a contract survives to the surviving partner, **who is the only necessary party thereto"**

(60 P. 285), following the Missouri decisions which, as noted above and hereinafter, run contrary to the Kansas view.

We spoke above of finding several cases identically in point as to facts, that is, where the death occurred after judgment instead of before judgment. See Hargardine v. Gibbons, 114 Mo. 561, 21 S. W. 726, wherein the court observed, as we have here, that it was clear that if the demand had not been reduced to judgment the right to sue for and recover on it would survive to the surviving partners, and that the right of the surviving partners to avail themselves of the judgment as a cause of action should be governed by the same rules that would govern their right to recover on any other cause of action. The point of importance is that both by statute and the common law (see 8 Ency. of Pl. and Pr. 327) in partnerships the right of action survives to the other partner, while the same is not true as to joint plaintiffs who sue simply as joint individuals. See, also, Meriwether v. Quincy, etc., R. Co., 128 Mo. App. 647, 107 S. W. 434; Judy v. St. Louis Ice Co., 60 Mo. App. 114; Linn v. Downing, 216 Ill. 64, 74 N. E. 729; Corder v. Steiner (Tex. Civ. App.) 54 S. W. 277; Ellison v. Andrews. 12 Ired. L. (34 N. Car.) 193; Dickinson v. Bowers, 7 Baxt. (Tenn.) 307. In the Corder Case, supra, the court said that the authority of the surviving partner to issue an execution on a partnership judgment is as extensive as his power to enforce payment of other partnership debts, and this appears to us the reasonable view.

Ballinger v. Redhead, 1 Kan. App. 434, 40 P. 828, holding revivor necessary, is contrary to the general rule and the reasoning in our Ranney-Alton Mercantile Case, supra. Furthermore, the Kansas court does not appear to have been confronted with a statute similar to our 54 Okla. St. Ann. sec. 54, copied above. It did consider a statute similar to our section 1197, O. S. 1931, 58 Okla St. Ann. sec. 255, under the probate provisions, requiring the surviving partner to furnish the administrator of the deceased's estate an inventory and appraisement of the partnership property, after which he is required to settle the business of the partnership, and requiring him to give a bond upon application by said administrator. The Kansas court held that until the surviving partner had given the bond he could not proceed with execution of the partnership judgment, but that is contrary to the general holding of the cases, and in any event would not be applicable to our situa-

tion, for our statute does not require any such bond unless the executor or administrator of the deceased partner applies for it, an event which is not shown to have occurred. The courts in general hold that such statutes are merely for the protection of the deceased's estate, and that they do not affect the right of the surviving partner to proceed against third party debtors to the partnership. See White v. Prahl, 94 Mont. 345, 22 P.2d 315; Mares v. Mares, 60 Mont. 36, 199 P. 267; Franklin v. Trickey, 9 Ariz. 282, 80 P. 352, 11 Ann. Cas. 1105; and cases cited in said authorities. The fact that Ballinger v. Redhead, supra, was quoted at length in Drew v. Thurlwell, 173 Okla. 405, 48 P.2d 1066, 100 A. L. R. 806, discussed above, does not require this court to follow the Ballinger Case to its extreme result. Drew v. Thurlwell did not involve partnership plaintiffs, but joint individuals as plaintiffs, and was sufficiently fortified by its citation of Jones v. Nye, 56 Okla. 578, 156 P. 332, L. R. A. 1916E, 735, involving joint individual plaintiffs, without resort to the Kansas decisions involving partnerships. Where the plaintiff is a partnership, a wholly new consideration comes into the case, dictated not so much by rules of practice and procedure as by the substantive law of partnerships and the effective, expeditious functioning of liquidation as demanded by those laws. The surviving partner succeeds to the judgment, in trust, as he succeeds in trust to other property, and revivor is not necessary.

Two other contentions are presented by plaintiff, which we have examined and found not of sufficient importance to necessitate discussion, since they would not change the result of the appeal and do not present any new point of law.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, CORN, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, J., dissents.

WELCH, V. C. J. (dissenting). In my judgment the majority opinion is not supported by the authorities cited. It is in effect contrary to prior decisions of this court in Jones v. Nye, 56 Okla. 578, 156 P. 332; and Drew v. Thurlwell, 173 Okla. 405, 48 P.2d 1066, 100 A. L. R. 806. It is in direct conflict with Kansas decisions in Ballinger v. Redhead, 1 Kan. App. 434, 40 P. 828, and Newhouse v. Heilbrun, 74 Kan. 282, 86 P. 145.

In Drew v. Thurlwell this court cited and

approved and followed the decisions in Jones v. Nye, Ballinger v. Redhead, and Newhouse v. Heilbrun, supra.

Our opinion in Drew v. Thurlwell, supra, is reported in 100 A. L. R. 806. The annotation on page 814 states there is a conflict of authority on the question and cites all the foregoing decisions and others holding to the view that revivor is necessary, and also cites cases holding to the other view.

It is there apparent that our former position on the point is clearly defined, and is not consistent with the majority opinion here. I think we should now remain consistent and follow our former decisions and those of Kansas which we have heretofore cited and approved.